**Joe John ORTIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–96–01558–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 26, 1999.

---

**602**

Frances M. Northcutt, for appellants.

Rikke Burke Graber, Houston, for appellees.

Panel consists of Justices AMIDEI, EDELMAN and WITTIG.

## OPINION

DON WITTIG, Justice.

Appellant, Joe John Ortiz, pled not guilty before a jury to the offense of possession of a controlled substance, cocaine, with the intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (Vernon Supp.1999). He was convicted, and after the trial court found one enhancement to be true, the trial court assessed punishment at twenty years confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant asserts five issues on appeal challenging the legal and factual sufficiency of the evidence, the trial court's rulings on hearsay objections, and the prosecutor's improper argument. We reverse and remand.

### Background

Officer Craig Full, an undercover narcotics officer, conducted a narcotics investigation at 404 Henry Street in Harris County, Texas. Officer Full conducted two controlled buys of cocaine through a confidential informant. Based on informant's information, Officer Full drafted a warrant with an affidavit attached describing the seller as a Hispanic male named "Joe" who was about thirty-five years old, five feet eight inches tall, and weighing approximately two hundred pounds.

Officer Full and other members of the Narcotics Division executed the warrant at 404 Henry. As they approached the house, they found Raymond Sabala, Sr. in the front yard. Sabala, Sr. was carrying a syringe coated with cocaine and heroin residue. The officers entered the house and found several people. Included were appellant and Raymond Sabala, Jr. in the living room. They also discovered appellant's wife tending to her elderly mother in one of the bedrooms. After appellant was identified from the warrant by name and description and the premises was secured, the officers executed the warrant by searching for the illegal drugs.

Officer Full discovered eight small bags of cocaine in the pocket of a child's coat, described later as a small sport's coat, in the closet of the north bedroom. Each bag contained approximately one gram of cocaine. In the same closet, a package of aluminum foil was found in the pocket of an adult size flannel shirt. This shirt did not contained any ownership markings and could have fit either a male or a female. The package of aluminum foil contained between eighteen and nineteen grams of cocaine. Appellant's name was found amongst documents located in a dresser in the north bedroom.

## Analysis

### *Legal Sufficiency*

■ In his first and second issues, appellant contends the evidence was legally and factually insufficient to support his conviction because the evidence fails to affirmatively link him to the cocaine. We address appellant's legal sufficiency point first. When reviewing the legal sufficiency of the evidence, we look at the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Mason v. State*, 905 S.W.2d 570, 574 (Tex.Crim.App.1995). The trier of fact is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony. *See Jones v. State*, 944 S.W.2d 642, 647 (Tex.Crim.App.1996). Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the fact finder. *Id.* This standard of review is the same for both direct and circumstantial evidence cases. *See Chambers v. State*, 711 S.W.2d 240, 245 (Tex.Crim. App.1986).

■ In the present case, the State was required to prove beyond a reasonable doubt that appellant (1) knowingly or intentionally (2) possessed (3) cocaine (4) in an amount of four grams or more but less than two hundred grams (5) with the intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d). The evidence must affirmatively link appellant to the cocaine. Stated another way, the evidence must establish appellant exercised care, control, and management over the contraband and knew the matter possessed was contraband. *See Washington v. State*, 902 S.W.2d 649, 652 (Tex.App.—Houston [14ᵗʰ Dist.] 1992, pet ref'd). However, when appellant is not in exclusive control of the place where the contraband is found, there must be independent facts and circumstances linking the accused to the contraband in such a manner that a reasonable inference may arise that the accused knew of its existence and exercised control over it. *Dickey v. State*, 693 S.W.2d 386, 389 (Tex.Crim.App.1984); *Washington*, 902 S.W.2d at 652.

■ Appellant asserts the State failed to show that he was in exclusive possession of the place where the cocaine was found and that he had the intent to deliver. The evidence reveals that: (1) appellant was in the house when the search warrant was executed; (2) the cocaine was found in two garments hanging in the closet of the north bedroom; (3) documents located in and on the dresser of the north bedroom contained appellant's name and address, Joe Ortiz and 404 Henry; (4) a scale commonly used for narcotics was found in a hall closet; and (5) the cocaine was divided up into eight small individual packages containing approximately one gram each and one large package containing almost nineteen grams. Additionally, information about the seller was entered through the warrant and the officer's testimony, over objection. The specific information entered described the seller as a Hispanic man named "Joe" who is approximately thirty-five years old, five feet and eight inches tall, and two hundred pounds.[1]

---

1. Officer Full testified that Raymond Sabala, Sr. was approximately thirty-eight years

With respect to a sufficiency review, whether this evidence was properly or improperly admitted is not material because the reviewing court must look at all evidence. *See Bobo v. State,* 843 S.W.2d 572, 575–76 (Tex.Crim.App.1992).

Reviewing the evidence in the light most favorable to the verdict, we find sufficient evidence to allow a rational jury to find that appellant knew of the cocaine and exercised control over it. *See Mason,* 905 S.W.2d at 574; *Brown v. State,* 911 S.W.2d 744, 747 (Tex.Crim.App.1995). Accordingly, we find the evidence was legally sufficient and overrule appellant's first issue.

## Factual Sufficiency

■ In appellant's second issue, he claims the evidence was factually insufficient to support his conviction. When reviewing the factual sufficiency of the evidence, we review all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996). Although we are authorized to disagree with the verdict, a factual sufficiency review must be appropriately deferential so as to avoid substituting our judgment for that of the trier of fact. *Id.*

Appellant contends the State failed to prove he had exclusive possession or control over the cocaine and that he had the intent to deliver it. The contrary evidence in support of appellant's argument establishes that: four or more other adults occupied the house; the closet in the north bedroom was used by all occupants of the house and for various articles of clothing found laying around the house; Sabala, Sr., thirty-eight years old, was found in front of the house with a syringe containing heroin and cocaine residue; the eight bags of cocaine were found in what was described as a child's coat; and that appel-

lant was not present the day before when the buys were reportedly made.

The trier of fact is charged with judging the credibility of the witness and the weight of their testimony. Tex.Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Clewis,* 922 S.W.2d at 135. Presented with the testimony regarding the others' use of the closet and appellant's absence from the house the day of the reported buys, the jury found to the contrary. In addition, appellant's opposition evidence does not refute some evidence describing him as the seller. While admittedly this case presents marginal sufficiency, we find the jury's verdict was not so contrary to the evidence to make their verdict wrong and unjust. We overrule appellant's second issue.

## Jury Argument

■ In appellant's sixth issue, he asserts the trial court erred in overruling the prosecutor's improper jury argument. Specifically, appellant contends the prosecutor was allowed to urge the jury to consider two pages of a document that was not admitted into evidence in determining appellant's guilt.

During appellant's jury argument, he fairly challenged Officer Full's credibility and ability to keep records, noting that Officer Full had no personal knowledge of any of the events transpiring in the house until after the execution of the warrant. He further argued the hearsay evidence of others is no evidence. During the prosecutor's jury argument at the guilt/innocent phase of trial, the following transpired:

> The State: The fact is that somebody that they know [sic] came into that house and ratted them out, but we don't know that. We don't know that, but that's what it is. *But I tell you what that document that you have before you doesn't have, and—because*

whereas appellant was thirty-one years. Therefore, both individuals are close to the age of the seller as described by the informant.

*a couple of pages are not there anymore.*

Mr Howard: Objection, Your Honor, that's talking about something that's not in evidence.

The Court: Overruled.

Mr. Howard: And talking about something that's not in opposed evidence.

The Court: Overruled.

The State: *That document had four pages and it got objected to. And two pages are gone, and you've got two pages—*

Mr. Howard: Objection, Your Honor. He's talking about something procedurally that was done outside the presence of this jury.

The Court: Overruled.

Mr. Howard: And now he's bringing it before the jury.

The State: *You've got to ask yourself a question, I wonder what's absent on the other two pages that you don't get to read? You didn't lose your common sense yesterday, folks, I'm not going to belabor the point anymore.*

(emphasis added).

■ Proper jury argument is described in four categories: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) responsive arguments; and (4) pleas for law enforcement. *See Coble v. State,* 871 S.W.2d 192, 204 (Tex. Crim.App.1993). Jury argument exceeding these bounds constitutes error.

■ The State's argument was a blatant attempt to invite the jury to speculate on what was *on the other two pages.* This argument implied the existence of other damaging evidence.

Argument injecting matters not in the record is clearly improper; but *argument inviting speculation is even more dangerous because it leaves to the imagination of each juror whatever extraneous "facts" may be needed to support an conviction.* Logical deductions from evidence do not permit within the rule logical deductions from non-evidence.

*Everett,* 707 S.W.2d at 641 (emphasis added) (quoting *Berryhill v. State,* 501 S.W.2d 86, 87 (Tex.Crim.App.1973)); *see Cooks v. State,* 844 S.W.2d 697, 728 (Tex.Crim.App. 1992). The State argues that the prosecutor's argument was a response to defense counsel's argument regarding Officer Full's ability to keep records and his veracity. However, neither we nor the jury have any idea what is contained on the two pages, and the prosecutor did not focus on Officer Full's veracity or ability to keep records. Instead, the prosecutor's argument focused on *"somebody* that they know [sic] came into that house and ratted them out, but we don't know that." The somebody was not Officer Full, and the information about what the somebody did or saw could not have been in response to any challenges regarding Officer Full's credibility or record keeping. Instead, the argument invited the jury to speculate on evidence outside the record. Therefore, we find the trial court repeatedly erred in overruling appellant's several appropriate objections.

■ We must now determine whether the error warrants reversal.[2] *See* TEX.R.APP. P. 44.2. Although a special concern, argument inviting speculation on evidence outside the record does not consti-

<hr>

2. In *Wilson v. State,* the court stated that "the test to determine whether an improper argument constitutes reversible error is whether: (1) the argument is violative of a statute; (2) it injects a new and harmful fact into the case; or (3) it is manifestly improper, harmful, and prejudicial to the rights of the accused." 938 S.W.2d 57, 59 (Tex.Crim.App.1996). Although the court cited this standard to determine if reversal was mandated, the court ac-

tually applied the harmless analysis standard under 81(b)(2). *Id.* at 61. More recently, the court in *Mosley* cited *Wilson* for the proposition that the standard for reversible error was the harmless error standard, the standard actually applied in *Wilson. Mosley v. State,* 983 S.W.2d 249, 259 (Tex.Crim.App.1998). Recognizing the new appellate rules, the *Mosley*court cited the standard as the new appellate rule 44.2. *Id.; see* TEX.R.APP. P. 44.2.

tute constitutional error.[3] *See Mosley v. State*, 983 S.W.2d 249, 259 (Tex.Crim.App. 1998) (recognizing comments falling outside areas of permissible argument constitutes "other errors" within purview of Rule 44.2(b)).

Rule 44.2(b) requires us to examine error in relation to the entire proceeding and determine whether it had a "substantial and injurious effect or influence in determining the jury's verdict." *See King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). In other words, "[a] criminal conviction should not be overturned for non-constitutional error if the appellate court, after reviewing the record as a whole, has assurance that the error did not influence the jury or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (1998). In *Mosley*, the court used the three factors the federal courts generally use in improper argument cases to determine whether reversal was required under 44.2(b). 983 S.W.2d at 259–60. The factors are: "(1) severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks), (2) measures adopted to cure the misconduct (the efficacy considered of any cautionary instruction by the judge), and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction)." *Id.* (citing *United States v. Millar*, 79 F.3d 338, 343 (2nd Cir.1996) and *United States v. Palmer*, 37 F.3d 1080, 1085 (5th Cir.1994)).

We now turn to the three factor test adopted in *Mosley*. 983 S.W.2d at 260. Here, we find the prosecutor's argument not to be mildly inappropriate, but rather approaching the opprobrious. In addition to putting the "rat" statement in the jury box, the prosecutor tormentedly called the jury's attention to two pages of a document that was not only not admitted into evidence, but also specifically and appropriately excluded from evidence. Having called the jury to speculate, the prosecution did not stop there. The prosecutor then stated *"You've got to ask yourself a question, I wonder what's absent on the other two pages that you don't get to read? You didn't lose your common sense yesterday, folks, I'm not going to belabor the point anymore."* (emphasis added). This specifically asked the jury to speculate on evidence outside the record. *See Everett*, 707 S.W.2d at 641. The prosecutor also implied the defense was hiding evidence, "it got objected to" and "is gone." Therefore, we find the severity of the prosecutor's argument satisfies the first prong weighing in favor of appellant.

Second, the court took no steps or measures to cure the misconduct. Instead, the court overruled appellant's objection three times placing "the stamp of judicial approval" on the improper argument and magnifying the possibility of harm. *See Good v. State*, 723 S.W.2d 734, 738 (Tex. Crim.App.1986). In other words, the trial court compounded the error. We likewise find the second factor in appellant's favor.

Finally, we must determine the certainty of conviction. Here, appellant asserted that the State never proved exclusive possession or intent to deliver. The only evidence that affirmatively linked appellant to the cocaine was the warrant, the documents containing appellant's name found in the north bedroom, and his presence in the house. The evidence, however, also revealed that at least four other individuals, perhaps more, had access and used the north bedroom closet and that one of these four individuals, not appellant, possessed a syringe in his pocket containing cocaine and heroin residue. Although there is marginally legally and factually sufficient evidence, including the warrant, to convict, the certainty of conviction is not overwhelming. *Compare Mosley*, 983 S.W.2d

---

**3.** We do not hold this as an absolute because there may be circumstances where an improper argument might implicate a constitutional right for example one's Sixth Amendment right of confrontation or Fifth Amendment right against self-incrimination.

at 260 (obtaining as evidence defendant's confession, defendant's admissions, and murder weapon). None of the three factors weigh heavily in favor of the State. Given the offensiveness of the prosecutor's argument, the exacerbation by the trial judge, and the marginal nature of the state's case, we find the error to be harmful.

### Admissibility of Evidence

 In addition, appellant contends the trial court erred in admitting the warrant. During Officer Full's redirect, the State offered the warrant as evidence, and defense counsel proffered a timely hearsay objection. The sequence occurred as follows:

> The State: ... at this time the State would move to introduce the search and arrest warrants, and under 902.2 and 922.4[sic] of certified public document. And removing the last part, which was referred—which would be hearsay which the Court has referred to, which would be the affidavit.

> The Court: You're offering the warrant, not the affidavit?

> The State: Yes, ma'am; trying to comport to the original objection to the hearsay on the affidavit.

> The Court: Do you have any objection on the warrant?

> Mr. Howard: May I examine it, Your Honor?

> Your Honor, the objection is the same. In looking at this search and arrest warrant, it's styled State's Exhibit No. 6. It talks about the affiant, about information that the affiant has received. And that information is predicated upon hearsay, and this document still contains that information.

> The State: It is the State's position it's not a hearsay document under 924.4[sic].

The Court: The warrant is admitted.

 Recitals contained in a search warrant that are hearsay are not admissible before the jury, unless they are for a purpose other than to prove the truth of their contents. *See Foster v. State,* 779 S.W.2d 845, 857 (Tex.Crim.App.1989); *Smith v. State,* 574 S.W.2d 555, 557 (Tex. Crim.App.1978) (recognizing that it was error to admit hearsay testimony on the issue probable cause when it was not in issue).

 Here, appellant objected to the part of the warrant that is predicated upon the hearsay of the informant. This shifted the burden to the State to show that the evidence was not hearsay or admissible pursuant to a hearsay exception. *See Cofield v. State,* 891 S.W.2d 952, 954 (Tex. Crim.App.1994). The State responded that the document was not hearsay relying on Rules 902.2 and 902.4, certified public document rules. TEX.R.CRIM. EVID. 902(2), (4).[4] The State is incorrect. Whether or not the document is a certified document is immaterial when confronted with hearsay within the certified document. Article 9 of the Texas Rules of Criminal Evidence deals with Authenticity and Identification, not non-hearsay under Rule 802 or exceptions to hearsay under Rule 803. TEX. R.CRIM. EVID. 802, 803. Therefore, court erred in admitting search and arrest warrant.

Having found reversible error based on the improper jury argument, we need not address the additional harm analysis caused by the erroneously admitted evidence. Similarly, we need not address appellant's remaining issues asking only remand relief. We reverse and remand for a new trial.

---

**4.** This case was tried prior to March 1, 1998 the effective date of the Texas Rules of Evidence while the Texas Rules of Criminal Evidence where still in effect. Accordingly, all references are to the senior Texas Rules of Criminal Evidence.