Eldridge JONES, III, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–99–01301–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 1, 2001.

Brian W. Wice, Houston, TX, for appellants.

Barbara Anne Drumheller, Houston, TX, for appellees.

Panel consists of Justices FOWLER, EDELMAN, and BAIRD.*

## MAJORITY OPINION

EDELMAN, Justice.

A jury convicted appellant of the misdemeanor offense of criminal mischief and the trial court assessed punishment at one year confinement. On appeal, appellant's three points of error contend that he received ineffective assistance of counsel and that the trial court erred in overruling his

* Former Judge Charles F. Baird sitting by as-

objections to improper prosecutorial argument. We affirm.

### Ineffective Assistance of Counsel

█ Appellant's first point of error claims his trial counsel was ineffective in failing to: (1) have the voir dire transcribed, (2) file a motion to preclude the State from cross-examining appellant with his prior convictions, (3) adequately prepare appellant to testify, (4) object when the prosecutor cross-examined appellant with the details of his prior misdemeanor convictions, (5) seek a jury instruction limiting the jury's consideration of appellant's prior convictions, (6) object to the prosecutor's final argument, and (7) secure an adverse ruling from the trial court to improper jury argument.

█ To establish ineffective assistance of counsel a defendant must show that counsel's performance was deficient and prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The prejudice prong requires the defendant to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.,* 466 U.S. at 694, 104 S.Ct. 2052. In analyzing the assistance of counsel, we presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). Appellant has the burden of rebutting this presumption by presenting evidence indicating why trial counsel did what he did. *See id.*

In this case, appellant did not file a motion for new trial alleging ineffective assistance or otherwise develop a record of counsel's reasons for the actions and omissions complained of. Because the record thus fails to reflect that defense counsel's performance fell below an objective standard, appellant has failed to meet the first

signment.

prong of *Strickland.* *See id.* Accordingly, his first point of error is overruled.

## Jury Argument

■ Appellant's second point of error contends that the prosecutor was permitted to inject new and harmful facts outside the record to bolster the complainant's and her neighbor's credibility by stating that neither had criminal records:

> THE STATE: [Appellant] has come up with this story that he wasn't there, that it couldn't have possibly happened, that [the neighbor] and [the complainant] are just both making it up. They're both getting up here, *neither of whom have any criminal records* perjuring themselves—
>
> DEFENSE COUNSEL: Judge, I think she's testifying outside the record again.
>
> THE COURT: Overruled.

(emphasis added).

■ The purpose of closing argument is to facilitate the jury's analysis of evidence presented at trial to arrive at a just and reasonable conclusion based on the evidence alone and not on any fact not admitted into evidence. *See Campbell v. State,* 610 S.W.2d 754, 756 (Tex.Crim.App. [Panel Op.]1980). Permissible jury argument consists of: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to the argument of opposing counsel, and (4) plea for law enforcement. *Wesbrook v. State,* 29 S.W.3d 103, 115 (Tex.Crim.App.2000). In this case, it might be inferred from the lack of cross-examination of the witnesses based on a criminal record that neither had one. Nevertheless, because there was no evidence before the jury establishing the nonexistence of criminal records for the complainant and her neighbor, the foregoing argument was technically improper, and the trial court erred in overruling appellant's objection to it.

■ Appellant's third point of error contends that the prosecutor injected new and harmful facts when she referred to details of appellant's prior misdemeanor conviction. The complained of argument pertained to the portion of appellant's cross-examination in which the following exchange occurred:

> Q. Back on '97, did you commit an assault on a woman, where you pled guilty in Court 14, on your ex-wife?
>
> A. I'm not married.
>
> Q. Did you plead guilty in an assault against a woman in Court 14?
>
> A. I don't recall.
>
> Q. You don't remember that?
>
> A. No.

When the prosecutor referred to that testimony in closing argument, the following transpired:

> THE PROSECUTOR: I'm a convicted felon, but I don't remember that assault. I don't remember pleading guilty to that second assault on a woman, attacking a woman when she's most vulnerable.
>
> DEFENSE COUNSEL: Please the Court, there's no evidence that this gentleman has attacked a woman. There is evidence of assault but there's nothing about him attacking a woman.
>
> TRIAL COURT: Overruled.

The prosecutor's argument challenged appellant's credibility in claiming not to remember an assault on another woman (his ex-wife) for which he had pled guilty and been convicted. The State contends the allegation that appellant assaulted a woman when she was most vulnerable was a reasonable deduction from the evidence. However, because appellant's testimony regarding that guilty plea did not indicate that he assaulted a woman or the underlying circumstances, this argument was also outside the record and thus improper.

## Harm Analysis

■ Having found that the trial court erred in overruling appellant's objections to both arguments, we now consider whether those errors warrant reversal. *See* TEX.R.APP. P. 44.2. Erroneous rulings

related to jury argument are generally treated as non-constitutional error within the purview of Rule 44.2(b). *Martinez v. State,* 17 S.W.3d 677, 692 (Tex.Crim.App. 2000); *Mosley v. State,* 983 S.W.2d 249, 259 (Tex.Crim.App.1998), *cert. denied,* 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). Rule 44.2(b) requires any error that does not affect substantial rights to be disregarded. *See* Tex.R.App. P. 44.2(b). In other words, "[a] criminal conviction should not be overturned for non-constitutional error if the appellate court, after reviewing the record as a whole, has fair assurance that the error did not influence the jury or had but a slight effect." *Johnson v. State,* 967 S.W.2d 410, 417 (Tex. Crim.App.1998). The following three factors are used to analyze the harm associated with improper jury argument: (1) severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks); (2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge); and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). *Martinez,* 17 S.W.3d at 692–93; *Mosley,* 983 S.W.2d at 259.

 In this case, the first argument alluded to the unproven facts that the complainant and another witness had no criminal records, as if a lack of criminal record would make them unlikely to perjure themselves. Because the lack of a criminal record, even if true, is not particularly probative of the credibility of the witnesses, the severity of the misconduct was not great. With regard to the second factor, although there was no curative instruction by the trial court, the prosecutor not only did nothing to emphasize it, but instead quickly corrected herself by stat-

ing, "There's been no evidence that either of these people have criminal records." To the extent the prosecutor misstated the evidence in her initial assertion, the latter statement corrected it, and left no reason for the jury to be misled by the first. Because the argument was a weak attempt to bolster the witnesses' testimony, the third factor suggests that the certainty of conviction would not have been much less without the argument.

 With regard to the second argument, defense counsel did not object to its reference to a previous assault conviction, but only to the lack of evidence that appellant had attacked a woman. Although an assault does not necessarily involve an attack, the distinction between the two was unimportant to the challenge being made to appellant's credibility. Similarly, the reference to a woman was not severe in that appellant admitted that he had been convicted of yet another assault on a woman as well as an aggravated robbery. Therefore, the first factor weighs against harm. With regard to the second factor, the trial court did not make a curative instruction, but the State did not emphasize the erroneous aspects. In considering the third factor, the certainty of the conviction absent the misconduct, although the evidence at trial boiled down to a swearing match between the State's witnesses and appellant, the complained of statements by the prosecutor could be expected to have had little effect on a rational jury's image of appellant and his credibility in light of the evidence of his conduct in this case and other instances for which the evidence was not challenged. Because the record provides fair assurance that the arguments appellant complains of[1] did not influence the jury or had but a slight effect, the second and third points of error

1. Lacking sufficient basis for a finding of harm based on the two matters complained of, the dissent seeks to predicate harm on other instances of improper argument for which objections were sustained by the trial court. This, it claims, "portray[s] a prosecutor bent on doing anything necessary to bol-

ster the credibility of her witnesses .... and willfully ignor[ing] the rules of law governing jury argument." Obviously, such digressions are neither suggested by *Mosley,* nor constitute the type of "considered, meaningful, and thorough analysis" that the dissent would find lacking in this opinion.

are overruled, and the judgment of the trial court is affirmed.

BAIRD, Justice, dissenting (Assigned).

Believing the majority's harm analysis does not meet the requirements of Rule 44.2(b) of the Texas Rules of Appellate Procedure, I dissent.

## I. FACTUAL SUMMARY

This case involves the dissolution of a domestic relationship between the complainant and appellant. Their relationship ended in September of 1998. The complainant testified that on March 26, 1999, appellant initiated several conversations attempting to reconcile. The last conversation occurred outside the complainant's home. This was a heated exchange that ended with the complainant driving from her home. After the complainant departed, appellant followed and rammed her vehicle four times. The complainant wrote down appellant's license plate number and gained the attention of a police officer to whom she reported this incident. The complainant testified appellant's conduct caused just over $700.00 in damages.

Jonathan Evans, the complainant's neighbor, testified to seeing appellant and the complainant in her driveway and hearing raised voices. After this conversation, Evans saw appellant closely follow the complainant as she drove from her home. Evans, however, did not see an impact between the two vehicles.

Houston Police Officer M.R. Janson testified the complainant drove next to the patrol car and motioned for Janson to stop. Janson followed the complainant to her home and examined the bumper of her vehicle and observed an area on the rear bumper that was damaged. The damage was similar to a large paint chip in the center of the bumper two to three inches in diameter. Neither Janson nor the complainant photographed the alleged damage to the bumper.

Appellant testified he was at work on March 26, 1999, when he received a tele-phone call from the complainant requesting $540.00 to pay her car note. When appellant refused to lend the money, the complainant became upset and abruptly ended the conversation. Appellant testified he had no other direct contact with the complainant that day. Subsequently, appellant received a telephone call regarding the complainant's allegations. Appellant took several photographs of his vehicle, which showed no damage to the bumper. These photographs were admitted into evidence. Appellant denied being at the complainant's home or ramming her vehicle.

## II. JURY ARGUMENT

The second and third points of error contend the trial court erred in overruling appellant's objection to the prosecutor's closing argument, which mentioned matters outside the record. Specifically, the second point centers around the prosecutor injecting new and harmful facts to bolster the credibility of the complainant and Evans by stating that neither had criminal records. The majority agrees this argument was "technically" improper. *See supra* at 796. The characterization of this clearly improper argument as a tech-nicality is unfortunate. Rule 608(a)(2) of the Texas Rules of Evidence specifically prohibits one from offering proof, in the first instance, of the truthfulness of a wit-ness. If such evidence is not admissible, then argument designed solely to circum-vent the rules of evidence to place such matters before the jury is more than mere-ly technically improper. Despite this re-grettable characterization, the majority ul-timately holds the argument was improper. Of course, it would be difficult for the majority to hold otherwise in light of the State's confession of error, and the control-ling and direct authority from this very court. *See Hill v. State*, 659 S.W.2d 94 (Tex.App.—Houston [14th Dist.] 1983, no pet.).

The third point contends the prosecutor injected new and harmful facts when she

argued the details of appellant's prior misdemeanor conviction. The majority correctly concludes the argument was not a reasonable deduction from the evidence. *See supra* at 797. Assertions of fact within a question are not established as fact unless the witness admits or agrees to those assertions. Stated another way, inquiry does not establish the existence of the fact(s) within the question. In the instant case, appellant did not admit that he assaulted a woman. Therefore, that fact was not proven. Because it was not proven, a reasonable deduction could not be drawn. As this court has noted, "Logical deductions from evidence do not permit within the rule logical deductions from non-evidence." *Ortiz v. State,* 999 S.W.2d 600, 605 (Tex.App.—Houston [14th Dist.] no pet). Therefore, the trial court erred in overruling appellant's objection.

### III. HARM ANALYSES

My disagreement on these points of error comes from the majority's harm analysis. While the majority correctly recognizes the instant question of harm is governed by Rule 44.2(b) of the Rules of Appellate Procedure and *Mosley v. State,* 983 S.W.2d 249, 259 (Tex.Crim. App.1998), *cert. denied,* 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999), what follows is not the considered, meaningful, and thorough analysis contemplated by either Rule 44.2(b) or *Mosley.* Rule 44 .2(b) requires us to examine error in relation to the entire proceeding to determine whether it had a "substantial and injurious effect or influence in determining the jury's verdict." *See King v. State,* 953 S.W.2d 266, 271 (Tex. Crim.App.1997); *Ortiz,* 999 S.W.2d at 606. To that end, the *Mosley* Court recognized three factors to employ when assessing the harm associated with improper jury argument. *See Mosley,* 983 S.W.2d at 259.

#### A. Severity of the Misconduct

When considering the first factor, it is important to note that neither Evans, nor Officer Janson, saw appellant ram the complainant's vehicle. Therefore, this case boiled down to a swearing match between appellant and the complainant. Therefore, it was advantageous to the State to bolster the credibility of the complainant and to destroy the credibility of appellant. Both of the complained of arguments were designed to have this desired affect.

In *Hill,* this court condemned this type of argument:

> The Court of Criminal Appeals has on many occasions condemned any effort on the part of the State to bolster the credibility of its witnesses by unsworn testimony. [citations omitted] *Where the bolstered witness was the only witness who could identify appellant as the person who committed the offense, and the credibility of this witness was critical to the trial of this case, it is not harmless error.* [citations omitted] This expression of the prosecutor's opinion was not a deduction from the evidence, but was instead an effort to bolster [the witness's] credibility by unsworn testimony. Accordingly, appellant's third ground of error is sustained.

659 S.W.2d at 96. (emphasis added)

The misconduct is even more severe when one recognizes the argument was derived from questions that were improperly phrased in the first instance. When a party seeks to impeach a witness with a prior conviction, the proper inquiry is to ask the witness whether s/he has been convicted of the offense in question. If the witness answers in the affirmative, the impeachment is complete. If the witness denies the prior conviction, the same may be proven by public record. *See* TEX. R.EVID. 609; *Aleman v. State,* 795 S.W.2d 332, 334 (Tex.App.—Amarillo, 1990, no pet). It is highly improper to permit the proponent to elicit the details which resulted in the conviction. *See* TEX.R.EVID. 608(b); *Mays v. State,* 726 S.W.2d 937, 953 (Tex.Crim.App.1986); *Lape v. State,* 893

S.W.2d 949, 958 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). This improper conduct was attempted by the State in the instant case.

Despite this direct and controlling authority condemning such conduct, the majority finds the State's misconduct was not severe. But in doing so, the majority fails to cite even a single case to support either finding. This is not the analysis required by Rule 44.2(b) and *Mosley*.

Additionally, the State's improper arguments were not limited to these two instances; at other times, the State argued outside the record. For instance, the State argued:

> THE STATE: Now the niece is out there in the courtroom, Monica, and if we wanted to we could have called her. She would have said the same thing.
>
> APPELLANT: Well, Judge, she's testifying—
>
> THE COURT: Sustained as to form.

At another point, the prosecutor argued:

> THE STATE: [Y]ou know, I live over by Rice University, my parents do and I went down Shepherd a couple of years ago when they were re-doing it. I hit a pot hole and it costs me sixteen hundred dollars—
>
> APPELLANT: Judge, she's testifying.
>
> THE COURT: Sustained.

These two additional arguments portray a prosecutor bent on doing anything necessary to bolster the credibility of her witnesses. By arguing outside the record, the prosecutor willfully ignored the rules of law governing jury argument. Such misconduct was severe and has never been sanctioned by this court. *See Ortiz,* 999 S.W.2d at 606. ("[W]e find the prosecutor's argument not to be mildly inappropriate, but rather approaching the opprobrious."). For all of these reasons, the first factor of *Mosley* militates toward a finding of harm.

The majority fails to mention these latter arguments within its harm analysis, and criticizes me for doing so. *See supra* at 797 n. 1. That portrayal of this opinion is incorrect in three major respects. First, the majority states that I do not believe the arguments complained of in these points of error are sufficient on their own to warrant reversal. *Ibid.* That statement is inaccurate; had the State not made these latter arguments, I would nevertheless find the first *Mosley* factor militates toward a finding of harm. Second, and more importantly, the majority fails to recognize that this species of harm analysis was spawned by federal precedent. *See Mosley,* 983 S.W.2d at 259 ("[F]ederal caselaw ... provide[s] especially useful guidance.") (citing *United States v. Millar,* 79 F.3d 338, 343 (2nd Cir.1996); *United States v. Palmer,* 37 F.3d 1080, 1085 (5th Cir.1994)). An examination of that precedent demonstrates that the cumulative effect of improper argument is part and parcel of assessing the severity of the prosecutorial misconduct. *See U.S. v. Friedman,* 909 F.2d 705, 709 (2nd Cir. 1990); *Floyd v. Meachum,* 907 F.2d 347, 355 (2nd Cir.1990). Third, by ignoring these latter arguments and taking a myopic view of the complained of arguments, the majority fails to properly apply Rule 44.2(b) which requires an examination of the error(s) in relation to the *entire* proceeding to determine whether the error(s) had a "substantial and injurious effect or influence in determining the jury's verdict." *See King,* 953 S.W.2d at 271 (Tex. Crim.App.1997); *Ortiz,* 999 S.W.2d at 606. Therefore, the majority errs in failing to consider these latter two arguments in assessing the severity of the misconduct in the instant case.

### B. Measures Adopted to Cure the Misconduct

Our law is clear that sustaining an objection to improper argument and instructing the jury to disregard the argument is normally sufficient to cure error arising from the improper argument. *See Gardner v. State,* 730 S.W.2d 675, 696 (Tex.Crim.

App.1987), *cert. denied*, 484 U.S. 905, 108 S.Ct. 248, 98 L.Ed.2d 206 (1987).[1] However, the converse is equally true-the overruling of a proper objection places "the stamp of judicial approval" on the improper argument and magnifies the possibility of harm. *See Good v. State*, 723 S.W.2d 734, 738 (Tex.Crim.App.1986). In other words, rather than curing the error, by overruling the objection the trial court compounds the error. As the majority acknowledges the trial court overruled both of appellant's objections to the complained of arguments. Since the trial court undertook no measures to cure the improper jury arguments, the second factor of *Mosley* necessarily militates toward a finding of harm.

However, the majority fails to recognize the *trial court* has the duty to "cure the misconduct." This failure leads the majority to erroneously view the second *Mosley* factor in light of the prosecutor's conduct after making the improper argument. In relation to the first improper argument, the majority finds that the prosecutor "corrected herself." *See supra* at 797.However, the majority cites no authority for the proposition that corrective action taken by the offending party is a proper substitute for actions which are the responsibility of the trial court. Indeed, in the context of closing arguments, there is United States Supreme Court authority directly contrary to the majority's position. *See Taylor v. Kentucky*, 436 U.S. 478, 488–489, 98 S.Ct. 1930, 1936, 56 L.Ed.2d 468 (1978) ("arguments of counsel cannot substitute for instructions by the court.").

In relation to the second improper argument, the majority states that the argument was not emphasized by the prosecutor. *See supra* at 797. Again there is no citation of authority of how the failure of the offending party to emphasize the error it created alleviates the need for the trial court to take corrective action. Moreover, the reasoning employed by the majority begs the question: why would a lawyer feel the need to emphasize an argument anointed with "the stamp of judicial approval." *See Good*, 723 S.W.2d at 738. One is hard pressed to see how such an argument could receive a more emphatic endorsement which is precisely why, under these circumstances, the possibility of harm is magnified. *See Good*, 723 S.W.2d at 738; *Davis v. State*, 964 S.W.2d 14, 18 (Tex.App.—Tyler, 1997, pet.ref'd).

In sum, the majority's harm analysis does nothing more than recite the second *Mosley* factor. What follows is a distortion of that factor in finding the offending party took corrective action when the trial court, who bore the responsibility, took none. The majority's reasoning permits the fox to guard the hen house. This is not the analysis required by Rule 44.2(b) and *Mosley*.

### C. Certainty of Conviction Absent the Misconduct

When considering the third factor, we assess the strength of the evidence supporting the conviction. *See Mosley*, 983 S.W.2d at 259. But the majority does not set forth the facts of this case or in any way discuss the evidence presented at trial. Instead, in assessing the third *Mosley* factor, the majority states the obvious: that the case "boiled down to a swearing match between the State's witnesses and appellant." *See supra* at 797. The majority then describes the complained of jury arguments, on one hand, as a "weak attempt to bolster" the credibility of the State's witnesses, and, on the other hand,

---

1. The continued viability of this body of law has been drawn into question with the Court of Criminal Appeals' adoption of federal precedent in this area. *See Mosley*, 983 S.W.2d at 259. Under such precedent, the curative measure adopted by the trial court may be

inadequate. *See and compare Friedman*, 909 F.2d at 709–10 (citing *U.S. v. Modica*, 663 F.2d 1173, 1182 (2nd Cir.1981), with *U.S. v. Tutino*, 883 F.2d 1125, 1136 (2d Cir.1989); *U.S. v. Biasucci*, 786 F.2d 504, 514 (2nd Cir. 1986)).

as having "little effect" on appellant's credibility. *See ibid.* Surely Rule 44.2(b) and *Mosley* require more than merely stating conclusions that are not shown to be supported by the record. Moreover, it is self evident in a case which is nothing more than a swearing match that any attempt(s) to bolster one side and to undermine the other is necessarily injurious.

When the trial evidence is considered, we learn that neither Evans, nor Officer Janson, could testify as to the cause of damage to the complainant's vehicle. Only the complainant could supply that testimony. On the other hand, appellant testified he was at work when the alleged offense occurred, and produced photographs of his vehicle showing it was not damaged as one would expect from ramming another vehicle four times. When the record evidence is carefully examined, clearly absent is the certainty of conviction.

## IV. Conclusion

When the three factors of *Mosley* are subjected to the meaningful and thorough analysis required by Rule 44.2(b) one finds: the prosecutor engaged in severe misconduct by making the complained of arguments which were a part of a studied pattern of improper remarks throughout her summation; the trial court instead of taking corrective measures to cure the misconduct, placed his stamp of judicial approval on it; and, the evidence does not establish appellant's conviction was certain absent the misconduct. Consequently, these errors should not be disregarded. Accordingly, I would sustain the second and third points of error and reverse the judgment of the trial court. Because the majority does not, I dissent.