Affirmed and Opinion filed March 6, 2003









Affirmed
and Opinion filed March 6, 2003.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00558-CR

____________

 

UNDRA LANIER FERROW, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 887,038

 



 

M E M O R A N D U M   O
P I N I O N

Appellant, Undra Lanier Ferrow, was convicted by a jury of
possession of more than one gram, but less than four grams, of cocaine with
intent to deliver the same.  The jury
subsequently found two enhancement allegations to be true and assessed
appellant=s punishment at 25 years= imprisonment.  In two points of error, appellant contends
the trial court erred in (1) allowing improper jury argument, and (2) in
denying his motion to suppress.  We
affirm.








On September 5, 2001, Officer John Huston conducted
surveillance in a known narcotics area. 
During the surveillance, appellant walked directly in front of Officer
Huston=s unmarked car to cross the
street.  After crossing, appellant placed
a brown paper bag behind the rear tire of a parked car.  A couple of cars drove by and stopped to talk
to appellant, but no exchange occurred. 
Appellant then retrieved the bag and two men approached him, but again
no exchange occurred.  Officer Huston
believed the bag contained narcotics and prepared to stop appellant.  He notified two marked police units of the
situation and asked them to determine the contents of the bag.  

As appellant began to walk south, two police units approached
him from both north and south.  As the
officers neared appellant, he turned around and faced the opposite
direction.  With his back to the
approaching officers, appellant concealed the bag with both hands and then
dropped it near a parked car.  Appellant
then began walking away from the police. 
The officers ordered appellant to stop. 
Appellant continued walking, however, until one of the officers drew his
firearm and ordered appellant to the ground. 
The officers secured appellant and the bag, which contained thirteen
individually wrapped rocks of crack cocaine, weighing approximately 1.3
grams.  

Jury Argument

In
his first issue, appellant contends the prosecutor made an improper statement
during voir dire.  During voir dire, the
prosecutor said: 

Now, when you try this case you=ll notice, if you look at the two tables, that defense
counsel sits there with his client, but at my table its just the two
prosecutors.  We don=t have a client. 
That=s because you are the client.  The client is actually all of you guys and
the people of our country.  People that
you know, your friends, and your family. 

 

Appellant=s counsel objected to this statement
and argued that the prosecutor represented the State of Texas.  Appellant=s objection was overruled, and the
prosecutor continued:  








We represent the laws of our State and the community
that you live in.  And we need a jury
that can be fair to both sides; of course, fair to the defendant and his
rights, but also fair to our client, because even though he doesn=t sit here in the courtroom, just as real as the
client sits on that side.  I just want
you to be a little more fair to my client. 
No, I=m just kidding. 
Actually, the truth of the matter is Article 2.01 of the Code of
Criminal Procedure says the job of the prosecutor is not to get a conviction B did you guys know that?  It=s to see
that justice is done . . . .

 

Appellant=s counsel made no further objection
to this argument.  

Appellant
contends the statement suggests (1) the prosecutor represents a private entity;
and (2) that jurors need not remain disinterested toward either party.  In criminal matters, a district attorney
represents the State of Texas.  Tex. Code Crim. Proc. Ann. art. 2.01
(Vernon Supp. 2003).  A district
attorney, as a representative of the State, must remain an impartial
representative of justice.  Rougeau v.
State, 738 S.W.2d 651, 657 (Tex. Crim. App. 1987), cert. denied, 485
U.S. 1029 (1988), overruled on other grounds by Harris v. State, 784 S.W.2d
5, 19 (Tex. Crim. App. 1989).  The
prosecutor does not represent a private entity and any statement to the
contrary is error.  Draughon v. State,
831 S.W.2d 331, 336 (Tex. Crim. App. 1992), cert. denied, 113 S. Ct.
3045 (1993); Rougeau, 738 S.W.2d at 657 (approving statements such as, “I
represent the State,” but disapproving, “I represent you [jury].”).  

While
the prosecutor misstated his relationship with the jury during voir dire, the
error does not warrant reversal.  See
Tex. R. App. P. 44.2.  Generally, rulings related to jury argument
are treated as non-constitutional error within the purview of Rule
44.2(b).  See Martinez v. State,
17 S.W.3d 677, 692 (Tex. Crim. App. 2000). 
Rule 44.2(b) compels the reviewing court to disregard any error that
does not affect substantial rights.  Id.  In other words, the appellate court will
disregard any error, after looking at the entire record, that failed to
influence the jury or had only a slight effect. 
Jones v. State, 38 S.W.3d 793, 797 (Tex. App.CHouston [14th Dist.] 2001, no
pet.).  To analyze the harm of an
improper jury argument, courts look at: (1) the severity of the misconduct; (2)
measures taken to cure the misconduct; and (3) the certainty of conviction
absent the misconduct.  Id.  








It
is common knowledge that the State=s attorney represents the State of
Texas and society.  Rougeau, 738 S.W.2d
at 656.  By implication, therefore, a
prosecutor represents all the citizens of Texas.  Moreover, to the extent that jurors are
citizens of Texas, the prosecutor=s statement was accurate.  However, a defendant is obviously prejudiced
if the jury believes the prosecutor is serving as its attorney.  Such a view at once pits the jury and
defendant as adversaries.  Here, we
perceive the goal of the State=s attorney was not to prejudice the defendant, but rather to
explain why no “client” sat at the counsel table with the prosecutor.  While the argument was improper, we note that
it was not thereafter emphasized or repeated. 
See Bryant v. State, 923 S.W.2d 199, 212 (Tex. App.CWaco 1996, writ ref=d) (holding that the extent counsel
emphasizes the wrongful statement is a factor considered in assessing
harm).  In fact, the prosecutor later
clarified that as a representative of the State, he also represented, “the laws
of our State and the community that you [jurors] live in . . . and [that the
State] need[ed] a jury that [could] be fair to both sides.”  

Finally,
substantial evidence was offered by the State to establish appellant=s guilt.  Appellant was seen in possession of the contraband.  Moreover, his attempted concealment,
abandonment, and subsequent flight all show his guilty knowledge.  Based on the record, we find the argument did
not affect appellant=s substantial rights and, thus, does not warrant a reversal
of the conviction.  Accordingly,
appellant=s first issue is overruled.  

Abandoned
Property

In
his second issue, appellant contends the trial court erred in denying his
motion to suppress because he did not abandon the cocaine.  In reviewing a trial court=s ruling on a defendant=s motion to suppress, an appellate
court must first determine the applicable standard of review.  The Court of Criminal Appeals made clear that
while appellate courts should afford almost total deference to the trial court=s determination of the historical
facts, mixed questions of law and fact not turning upon an evaluation of
credibility and demeanor are to be reviewed de novo.  Guzman v. State, 955 S.W.2d 85, 87B88 (Tex. Crim. App. 1997).  Specifically, questions of reasonable
suspicion and probable cause should be reviewed de novo on appeal.  Id. at 87.  This is because the trial judge is not in a
better position than the reviewing court to make that determination.  Id.








Appellant
contends he did not voluntarily abandon the contraband at issue; rather,
appellant seems to suggest that but for the unlawful actions of the police, he
would not have dropped the contraband.

A
defendant does not have a constitutionally protected interest in abandoned
property.  McDuff v. State, 939 S.W.2d
607, 616 (Tex. Crim. App. 1997). A defendant abandons property if he (1)
intended to abandon it; and (2) freely decided to abandon it, without merely
being the product of police misconduct.  Id.  In other words, if a defendant drops or
disposes of property after being unlawfully seized by police, the “abandonment”
is not voluntary.  In such a case, the “abandonment”
flows from and is a product of the unlawful seizure.

Here,
however, appellant abandoned the contraband before being seized by
police.  Accordingly, we need not decide
whether police possessed probable cause to detain appellant because his
abandonment of the contraband was not a product of his arrest or
detention.  Under the Fourth Amendment, “[t]he
word >seizure= readily bears the meaning of a
laying on of hands or application of physical force to restrain movement . . .
.  It does not remotely apply, however,
to the prospect of a policeman yelling >Stop, in the name of the law!= at a fleeing form that continues to
flee. That is no seizure.” California v. Hodari D., 499 U.S. 621, 627
(1991).  Likewise, under Tex. Const. art. I, ' 9 “the seizure of [a] citizen has
not occurred until a reasonable person would believe he or she was not free to
leave, and that person has yielded to the officer’s show of authority or
been physically forced to yield.”  Johnson
v. State, 912 S.W.2d 227, 236 (Tex. Crim. App. 1995) (emphasis added).  Further, this Court has upheld the legality
of a seizure of cocaine abandoned by a defendant before he submitted to a
police order or stop, or was subjected to physical force.  Crawford v. State, 932 S.W.2d  672, 674 (Tex. App.CHouston [14th Dist.] 1996, pet. ref=d).

Here,
appellant at first concealed and then abandoned the contraband when he saw the
approaching police officers.  The only
police conduct that preceded appellant=s abandonment was that police made “eye
contact” with him.  He continued to walk
away from the cocaine and never attempted to retrieve it nor asked police to
return it.  From these facts, we conclude
appellant abandoned the cocaine. 
Accordingly, appellant=s second issue is overruled. 









The
judgment of the trial court is affirmed.

 

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed March 6, 2003.

Panel consists of
Justices Yates, Hudson, and Frost.

Do Not Publish C Tex.
R. App. P. 47.2(b).