Opinion issued March 3, 2005













In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00247-CR




JOSEPH EMILIO SAUCEDA, Appellant

V. 

THE STATE OF TEXAS, Appellee





On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 864732




MEMORANDUM OPINION
          Appellant, Joseph Emilio Sauceda, pleaded not guilty to the charged offense
of possession with intent to deliver cocaine weighing more than four grams and less
than two hundred grams. A jury found him guilty of the lesser included offense of
possession of cocaine, and the trial court assessed punishment at confinement for
seven years. In his sole issue on appeal, appellant challenges the legal and factual
sufficiency of the evidence to support his conviction. We modify the judgment of the
trial court and affirm as modified. 
BACKGROUND
          On December 30, 2000, the Tomball Police Department received an
anonymous tip that a gold Nissan carrying drugs and a stolen weapon would be
traveling on State Highway 249. The informant provided the license plate number
and stated that the car would be driven by a black male accompanied by a white male
passenger. Tomball Police Officer E. McNabb saw the gold Nissan on State Highway
249. The driver of the car was a black male, and a Hispanic male was in the
passenger seat. The license plate matched that given by the informant. McNabb
proceeded to follow the car and noticed the driver looking back at him through the
rearview mirror. The driver then slapped the passenger, appellant, on the shoulder,
and both occupants of the car turned around and looked at McNabb. McNabb
followed the Nissan for approximately a half mile until the driver made a right turn
into a parking lot without giving a turn signal.
          McNabb turned on his emergency lights and pulled in behind the Nissan. As
he got out of his car and walked toward the Nissan, McNabb saw the driver reach
over and appellant bend down as if to place something underneath his seat. McNabb
asked the driver, Lester Murphy, to step out of the vehicle. He then obtained consent
from Murphy to search Murphy’s car. McNabb found what appeared to be a tire
repair can under the passenger seat. The bottom of the can opened to reveal a hollow
storage area containing a baggie of cocaine weighing 22.1 grams. 
           Officer C. Swinghammer arrived at the scene and assisted in the search. He
found what looked like a can of Lipton Brisk Iced Tea in between the console and
passenger seat. This can also opened at the bottom to reveal a baggie containing 6.8
grams of cocaine. Swinghammer also found $800 cash in small denominations while
searching appellant. Inside the trunk of the vehicle, McNabb found a gray Houston
Police Department shirt, a table scale, a package of razor blades, and a Glock nine-millimeter pistol. Appellant and Murphy were both arrested and charged with
possession with intent to deliver a controlled substance. 
          Murphy entered into an agreement with the State in which the State would drop
the drug-related charge against him, he would plead guilty to a charge of felon-in-possession-of-a-fire-arm and receive a four-year sentence, and he would testify
against appellant. At appellant’s trial, Murphy testified that he had seen appellant
carry around the false tire repair can and Lipton Brisk Iced Tea can and that appellant
carried the cans with him nearly everywhere he went. Murphy testified that he had
spent the night before the incident at appellant’s home and that, on the morning of
December 30, appellant had gone to the Nissan to warm it up while Murphy dressed. 
Murphy stated that the two cans were not in his car before appellant went to it, but
that he saw the cans when he got into the car. Murphy stated that the iced tea can was
by the emergency brake and the tire repair can was under appellant’s feet on the
floorboard of the passenger side. Murphy also testified that the table scale and razor
blades had been placed in the trunk by appellant because they did not belong to
Murphy. 
DISCUSSION
          In his sole point of error, appellant contends that the evidence presented at trial
was legally and factually insufficient to link him to the cocaine found in Murphy’s
car. Appellant argues that he cannot be convicted upon the testimony of Murphy,
appellant’s accomplice, because the testimony of the police officers was not sufficient
to corroborate Murphy’s testimony. 
          An accused cannot be convicted upon the testimony of an accomplice unless
that testimony is corroborated by other evidence tending to connect the defendant
with the offense committed, and the corroboration is not sufficient if it merely shows
the commission of the offense. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon
1979). The corroborating evidence does not have to be sufficient to prove the
accused’s guilt beyond a reasonable doubt. Hernandez v. State, 939 S.W.2d 173, 176
(Tex. Crim. App. 1997). 
 

Standard of Review
          When reviewing the evidence on legal sufficiency grounds, we must examine
the evidence in the light most favorable to the verdict to determine “whether any
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979); Young v. State, 14 S.W.3d 748, 753 (Tex. Crim. App. 2000). When
reviewing the evidence on factual sufficiency grounds, we must view all the evidence
in a neutral light and may set aside the verdict only if the evidence is so weak that the
verdict is clearly wrong and manifestly unjust or the contrary evidence is so strong
that the standard of proof—beyond a reasonable doubt—could not have been met. 
Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). This standard of
review applies to both direct and circumstantial evidence cases. King v. State, 29
S.W.3d 556, 565 (Tex. Crim. App. 2000). It is the province of the jury to pass on the
credibility of witnesses and to determine the weight to be given their testimony. 
Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). 
Sufficiency of the Evidence
          To establish appellant’s guilt, the State was required to prove that he
knowingly or intentionally possessed the controlled substance in an amount of four
grams or more but less than two hundred grams. Tex. Health & Safety Code Ann.
§ 481.115(a), (d) (Vernon 2003). To prove unlawful possession of a controlled
substance, the State must show that appellant exercised actual care, control, and
management over the contraband and that appellant had knowledge that the substance
in his possession was contraband. King v. State, 895 S.W.2d 701, 703 (Tex. Crim.
App. 1995). Evidence that affirmatively links the accused to the controlled substance
is sufficient to prove that he possessed it knowingly—that is, the State must establish,
either by direct or circumstantial evidence, that the accused’s connection with the
drug was more than merely fortuitous. Brown v. State, 911 S.W.2d 744, 747 (Tex.
Crim. App. 1995). 
          If the evidence shows that the accused was not in exclusive control of the place
where the contraband is found, there must be independent facts and circumstances
linking the accused to the contraband so that a reasonable inference may arise that the
accused knew of its existence and exercised control over it. Cude v. State, 716
S.W.2d 46, 47 (Tex. Crim. App. 1986); Ortiz v. State, 999 S.W.2d 600, 603 (Tex.
App.—Houston [14th Dist.] 1999, no pet.). Factors that may be considered when
determining whether the evidence is sufficient to link affirmatively an accused person
to a controlled substance include, but are not limited to, proximity of the accused to
the contraband, accessibility of the contraband to the accused, nervous conduct of the
accused, location of contraband on the same side of an automobile as the accused,
presence of paraphernalia to use the contraband, and presence of the contraband in
plain view. Hurtado v. State, 881 S.W.2d 738, 742-43 (Tex. App.—Houston [1st
Dist.] 1994, pet. ref’d); Gilbert v. State, 874 S.W.2d 290, 298 (Tex. App.—Houston
[1st Dist.] 1994, pet. ref’d). The number of factors present is not as important as the
logical force the factors have in establishing the elements of the offense. Whitworth
v. State, 808 S.W.2d 566, 569 (Tex. App.—Austin 1991, pet. ref’d). 
          In this case, although appellant did not have exclusive control over the
automobile at the time of his arrest, the following factors, which were established by
testimony of McNabb and Swinghammer, affirmatively link appellant to the cocaine:
(1) appellant made furtive gestures upon realizing that a marked police vehicle was
following him; (2) a large amount of cash was found on appellant’s person; (3) a
substantial amount of contraband was found in the two containers; (4) the contraband
was recovered from an enclosed space; (5) the contraband was found in close
proximity to the accused; and (6) a weight scale and a package of razor blades were
found in the trunk of the car in which appellant was a passenger. This evidence
corroborated the testimony of Murphy. We hold that this evidence was legally
sufficient to link appellant affirmatively to the contraband. 
          Moreover, we hold that the evidence was factually sufficient to link appellant
to the cocaine found in Murphy’s automobile. When viewed in a neutral light, the
evidence is not so weak that the verdict is clearly wrong, and appellant produced no
evidence to controvert the testimony of the officers or of Murphy. 
          We overrule appellant’s sole point of error. 
Correction of the Judgment
          The judgment of the trial court incorrectly shows the offense of which
appellant was convicted as “Possession [with intent] to Manufacture or Deliver a
Controlled Substance[.]” However, the jury found appellant guilty of possession of
a controlled substance. Although appellant has not complained of this error, we have
the power to correct and reform a trial court judgment when we have the necessary
information to do so. Tyler v. State, 137 S.W.3d 261, 267-68 (Tex. App.—Houston
[1st Dist.] 2004, no pet.). Therefore, we modify the judgment to reflect the jury’s
verdict finding appellant guilty of possession of a controlled substance weighing
more than 4 grams and less than 200 grams. 
          We affirm the judgment as modified. 
 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).