**HL FARM CORP., Appellant,**

v.

**HENDERSON COUNTY APPRAISAL DISTRICT, Jimmy Foreman, Chief Appraiser and Henderson County Appraisal Review Board, Walter Jackson Chairman, Appellees.**

No. 12–91–00033–CV.

Court of Appeals of Texas, Tyler.

Feb. 14, 1995.

Harold B. McKeever, Dallas, for appellant.

John C. Hardy, Tyler, Bill Kimbrough, Austin, for appellees.

RAMEY, Chief Justice.

The Appellant, HL Farm Corporation ("HL Farm"), brought this action against

Appellees Henderson County Appraisal District, Jimmy Foreman, its chief appraiser, the Henderson County Appraisal Review Board, and its chairman, Walter Jackson ("the taxing authorities"), challenging a statute denying HL Farm an advantageous appraisal because of its foreign ownership. The State of Texas intervened to defend the validity of the challenged statute, and all parties moved for summary judgment. The court below granted the motions of the taxing authorities and of the State, and HL Farm appealed, raising three points of error. We will reverse the judgment and remand the case to the trial court.

The TEXAS TAX CODE provides that land designated as "open space land" may, for tax purposes, be appraised at a lower rate than comparable land not entitled to such privilege. TEX.TAX CODE ANN. § 23.51–23.56(3). The code denies this privilege to land owned by non-American corporations.[1] TEX.TAX CODE ANN. § 23.56(3). HL Farm is a Virginia corporation wholly owned by Liebherr–America, Inc., another Virginia corporation, which is, in turn, wholly owned by a Swiss corporation, Liebherr International, AG.

The parties do not dispute that HL Farm is a foreign corporation ineligible under the letter of the statute for the tax advantage at issue. This action was brought by HL Farm seeking declaratory and injunctive relief, asserting the invalidity of the exception for foreign corporations. HL Farm also sought a writ of mandamus directing the taxing authorities to appraise its land without reference to the challenged statute and to refund certain overpaid taxes. Once all the parties had appeared, summary judgment motions were filed, and the court agreed with the State and with the taxing authorities that the exception for foreign-owned corporations was valid and constitutional. Hence, this appeal.

This action was fully briefed by early 1991, but, in May, 1992, HL Farm moved to stay its submission because the Supreme Court had agreed to decide another case brought by HL Farm challenging the validity of the statute at issue here. The State and the taxing authorities did not oppose such motion. Upon the Supreme Court's release of its opinion in that case, *HL Farm Corporation v. Self,* 877 S.W.2d 288 (Tex.1994), HL Farm moved that the stay be lifted, again without opposition by Appellees.

As anticipated by the parties, the *HL Farm* case has resolved the primary issue in dispute here. There, the Supreme Court held that because

> [n]o rational basis exists for denying an open-space land designation to H.L. Farm, a "foreign corporation" owned by a nonresident alien[,] ... the classification drawn by section 23.56(3) is not rationally related to the promotion and preservation of open-space land. Consequently, we hold that section 23.56(3) of the Texas Tax Code violated section 3 of article I of the Texas Constitution.

*HL Farm Corporation v. Self,* 877 S.W.2d at 292. We therefore, sustain HL Farm's third point of error, that the trial court erred in basing its summary judgment on a statutory provision violative of the equal protection of the laws granted in the TEXAS CONSTITUTION.[2]

The judgment of the trial court is therefore reversed, and this cause remanded to the trial court for further proceedings. *Ibid.*

---

1. A corporation is ineligible "if [it] is required by federal law or by rule adopted by federal law to register its ownership or acquisition of that land and ... any combination of nonresident aliens ... own a majority interest...." TEX.TAX CODE ANN. § 23.56(3).

2. Because the statute was invalidated on such grounds we need not consider the other two points of error challenging the statute on separate grounds.