**Affirmed and Opinion filed December 19, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00748-CR

---

**DANIEL BRANDON LYLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 14
Harris County, Texas
Trial Court Cause No. 1804147**

---

## O P I N I O N

A jury convicted appellant Daniel Brandon Lyle of driving while intoxicated (DWI), and the trial court assessed punishment at one year confinement probated for two years. Appellant challenges his conviction in three issues concerning the admission of alleged hearsay evidence, the trial court's taking of judicial notice, and jury charge error. We affirm.

## I. BACKGROUND

Houston Police Department (HPD) Officer Richard Martinez was on patrol when he received a call from dispatch at about 8:40 p.m. regarding a telephone report of a suspected intoxicated driver going north on Barker Cypress. Martinez pulled up to appellant's parked SUV at the 1400 block of Barker Cypress. The front right tire of appellant's SUV had blown out from striking the curb, and the engine was still running. Martinez noticed that appellant had glassy eyes and a strong smell of alcohol. Appellant said he had been drinking at an unknown bar and had been driving. Martinez administered the Horizontal Gaze Nystagmus (HGN) test and determined appellant was intoxicated because appellant exhibited six out of six clues from the test. Martinez brought appellant to the HPD central jail to give a breath sample.

At the jail, HPD Officer Rudolph Farias asked appellant some questions and operated the Intoxilyzer 5000 for taking appellant's breath sample. Appellant said he drank twelve beers between 12:00 p.m. and 8:00 p.m., and he had not eaten in four days. Farias administered the HGN test, and appellant exhibited all six clues. Farias administered the Walk and Turn test, and appellant exhibited four out of eight clues. Normally the HGN and Walk and Turn tests would have been recorded on videotape, but the recorder malfunctioned for an unknown reason, and no recording was made. Farias administered the breath test at about 10:00 p.m., and appellant had a 0.21 alcohol concentration.

The jury found appellant guilty of driving while intoxicated,[1] and the trial court found a punishment issue true[2] and sentenced appellant to one year

---

[1] *See* Tex. Penal Code Ann. § 49.04(a).

[2] *See id.* § 49.04(d) (enhanced to a Class A misdemeanor if alcohol concentration is 0.15 or more).

confinement probated for two years, among other things. In three issues, appellant contends the trial court erred by (1) overruling a hearsay objection; (2) commenting on the weight of the evidence by taking judicial notice of a Texas law regarding video recording of DWI arrestees; and (3) failing to instruct the jury about the effect of the trial court's taking of judicial notice regarding an adjudicative fact.

## II. HEARSAY

In his first issue, appellant contends the trial court erred by admitting hearsay testimony over appellant's objection. The following exchange occurred when Martinez was testifying on direct:

> Q: Okay. And what did you — what impression did you get from dispatch?
>
> A: Well, the call came across as a telephone reported —
>
> [DEFENSE COUNSEL]: Objection to hearsay at this point, Your Honor.
>
> THE COURT: Overruled. Hearsay is admissible to establish probable cause.
>
> THE WITNESS: Telephone report of a DWI. I was in the area. The last call went out on Barker Cypress going north from Katy Freeway. I turned left. That's northbound on Barker Cypress.

We review a trial court's admission of evidence for an abuse of discretion. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). We must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Id.*

Hearsay is a statement made by the declarant other than while testifying and offered to prove the truth of the matter asserted. Tex. R. Evid. 801(d). "An extrajudicial statement or writing which is offered for the purpose of showing *what* was said rather than for the *truth* of the matter stated therein does not constitute

3

hearsay." *Dinkins v. State*, 894 S.W.3d 330, 347 (Tex. Crim. App. 1995). "Although a police officer's testimony may be inadmissible due to hearsay, an officer may describe statements made by others for the purpose of showing why the defendant became a suspect and to explain the events and circumstances leading to the defendant's arrest." *Lacaze v. State*, 346 S.W.3d 113, 121 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (footnote omitted). Such statements are not hearsay. *Id.*

Appellant contends that the unidentified declarant's "report of a DWI" was hearsay. However, the trial court did not abuse its discretion by admitting this testimony. The trial court could have reasonably concluded that Martinez's testimony about the report of a DWI on Barker Cypress north of the Katy Freeway helped explain to the jury how appellant had become a suspect. In particular, Martinez testified that he found appellant's SUV parked on the side of Barker Cypress north of the Katy Freeway. The "report of a DWI" testimony is comparable to the evidence in *Dinkins*, where extrajudicial statements made in an appointment book and application form were admitted "to explain how the defendant came to be a suspect." *See Dinkins*, 894 S.W.2d at 347.[3]

Appellant's first issue is overruled.

### III. COMMENT ON THE WEIGHT OF THE EVIDENCE

In his second issue, appellant contends the trial court erred when it interrupted appellant's cross-examination of Farias and sua sponte told the jury:

---

[3] *See also Briscoe v. State*, No. 05-10-01256-CR, 2011 WL 2420367, at *1, *4 (Tex. App.—Dallas June 17, 2011, no pet.) (not designated for publication) (statements from dispatch for purposes of directing officer's investigation were not hearsay); *Session v. State*, No. 14-09-00140-CR, 2010 WL 27112, at *2 (Tex. App.—Houston [14th Dist.] Jan. 7, 2010, no pet.) (mem. op., not designated for publication) (same).

4

> Let the record reflect that the Court takes judicial notice of the law of the State of Texas regarding the use of electronic videotaping equipment. It's in counties of 25,000 or more where electronic videotaping equipment has to be provided. It does not have to be used. It has to be provided. And the fact that it is not used can be admitted in front of the jury for whatever purpose you take it for. Good or bad. But the equipment has to be provided. I've taken judicial notice. That means you have to take that as a true fact.

Appellant contends that the trial court communicated to the jury an opinion on the weight of the evidence, in violation of Article 38.05 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 38.05. However, appellant did not complain to the trial court about the court's comments. "Ordinarily, a complaint regarding an improper judicial comment must be preserved at trial." *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013) (although the defendant requested a mistrial, no error was preserved because he did not first request an instruction to disregard the trial court's comments). Appellant failed to preserve error, and we may not consider this ground for reversal. *See* Tex. R. App. P. 33.1(a).

Appellant's second issue is overruled.

## IV. CHARGE ERROR

In his third issue, appellant contends that he suffered egregious harm from the trial court's failure to include an instruction in the jury charge concerning the trial court's taking of judicial notice that appellant was found in an area that is a public place. We hold that appellant did not suffer egregious harm.

### A. Facts

After the State rested, appellant moved for a directed verdict outside the jury's presence, arguing, "There's been no evidence offered regarding the elements

5

that this crime occurred in a public place."[4]  The State responded that Barker Cypress is a public place because it is a "public highway street."[5]  The court said it "takes judicial notice" and denied the request for a directed verdict.  During closing arguments, appellant encouraged the jury to acquit based on a lack of evidence that the offense was committed in a public place.  During rebuttal, the State told the jury that the trial court took judicial notice of that fact.  Appellant objected, and the trial court told the jury it took "judicial notice of the fact that area is a public place."  Appellant objected to the trial court commenting on the weight of the evidence, and the trial court overruled the objection.  The State continued, "So there's no question that this happened in a public place."

## B.    Law

Rule 201 of the Texas Rules of Evidence provides, "In criminal cases, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed."  Tex. R. Evid. 201(g).  The jury charge in this case did not include this instruction.

Appellant does not contend on appeal that the trial court actually erred by taking judicial notice;[6] he complains only about the lack of a Rule 201 instruction.

---

[4] The State was required to prove that appellant operated a motor vehicle in a public place.  *See* Tex. Penal Code Ann. § 49.04.

[5] The Penal Code defines "public place" as "any place to which the public or a substantial group of the public has access," which includes "streets" and "highways."  *See* Tex. Penal Code Ann. § 1.07(a)(37).

[6] *See* Murl A. Larkin, *Article II: Judicial Notice*, 30 Hous. L. Rev. 193, 222 (1993) ("For example, if a witness in a driving while intoxicated trial testifies that a suspect was stopped while driving 'on Westheimer' in Houston, an appellate court could take judicial notice that Westheimer Road is a 'public place' for purposes of the D.W.I. statute.").  *But see Grant v. State*, 27 S.W. 127, 127–28 (Tex. Crim. App. 1894) (question of whether a particular clubroom was a public place at the time cards were played was a question of fact for the jury; it was error to take judicial notice in this case when there was evidence that the clubroom was not open to the public at the time cards were played).

Appellant did not object to the trial court's failure to include this instruction in the charge. Thus, appellant and the State join issue on whether appellant suffered egregious harm. *See, e.g.*, *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008).[7]

"Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Id.* To determine egregious harm, we must consider (1) the entire jury charge; (2) the state of the evidence, including contested issues and the weight of the probative evidence; (3) the arguments of the parties; and (4) any other relevant information revealed by the record of the trial as a whole. *Id.*

## C.    Egregious Harm Analysis

First, we agree with appellant that the State's argument and the trial court's earlier comment about judicial notice weigh in favor of finding egregious harm. In particular, appellant notes that when the trial court first took judicial notice about video recordings (as discussed in Part III of this opinion, above), the court said, "I've taken judicial notice. That means you have to take that as a true fact." This oral instruction directly contradicted the permissive instruction required by Rule 201. When the court's decision to take judicial notice of the public nature of Barker Cypress is combined with this earlier oral instruction concerning the effect of judicial notice, the trial court essentially told the jury to find the "public place" element satisfied.

---

[7] The State does not contend appellant waived error by failing to object or request the Rule 201 instruction. We assume for argument's sake that the Rule 201 instruction was "law applicable to the case," and thus, appellant did not waive error. *See Zinger v. State*, 899 S.W.2d 423, 434 (Tex. App.—Austin 1995) (reviewing failure to give a Rule 201 instruction for egregious harm), *rev'd on other grounds by* 932 S.W.2d 511 (Tex. Crim. App. 1996); *see also Moreno v. State*, No. 01-91-00858-CR, 1992 WL 187375, at *2 (Tex. App.—Houston [1st Dist.] Aug. 6, 1992, pet. ref'd) (not designated for publication) (same).

On the other hand, the jury charge defined "public place" correctly, included that element of the offense as one the jury had to find beyond a reasonable doubt, and instructed the jury that it should acquit appellant unless the state proved beyond a reasonable doubt "every element" of the offense. Thus, through the written charge, the trial court properly instructed the jury that it should find the "public place" element satisfied only upon proof beyond a reasonable doubt. General instructions such as these, however, do not necessarily remedy or lessen the harm caused by instructing the jury to find a particular element of an offense. *Cf. Webber v. State*, 29 S.W.3d 226, 231, 236 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (when the charge includes a mandatory presumption—which occurs when the trial court includes a presumption in the charge and fails to also instruct the jury that it may, but is not required to, find an element of the offense proven because of the presumption—general instructions about the elements of the offense and proof beyond a reasonable doubt do not remedy or lessen the harm suffered).

Nonetheless, after reviewing the entire record, we conclude appellant did not suffer egregious harm. The "public place" element was supported by the evidence and not seriously contested. Although, as appellant argued, there was no explicit testimony that Barker Cypress is a public place, a fact finder could have rationally inferred that Barker Cypress is a street or highway to which the public has access. *See Banda v. State*, 890 S.W.2d 42, 52–53 (Tex. Crim. App. 1994) (holding that there was a rational inference from the evidence that the defendant was in a public place although no one saw the defendant physically in a public place; evidence was that the defendant had jumped fences of private residences, officers lost sight of him and searched surrounding areas, and the defendant was later found at the

8

original location).[8]   The trial court admitted State's Exhibit 1 into evidence, consisting of a map of the area including Barker Cypress Road and a marker for the 1400 block, and the trial court's taking of judicial notice that the area is a public place suggests the fact is "not subject to reasonable dispute."  *See* Tex. R. Evid. 201(b).  There is no evidence to suggest Barker Cypress Road is not a street or highway to which the public has access.  *See* Tex. Penal Code Ann. § 1.07(a)(37) (defining "public place").  The great weight of the evidence supports the trial court's judicially noticed fact.  *Cf. Webber*, 29 S.W.3d at 237 (when the great weight of the evidence supports the facts giving rise to a mandatory presumption, egregious harm has not occurred).[9]

Finally, although appellant moved for a directed verdict and asked the jury to acquit based on the State's failure to prove the "public place" element, the issue of whether Barker Cypress Road was a public place was not the subject of any evidentiary conflict or controversy.  Counsel's closing argument focused on the lack of videotape evidence.  *See Zinger v. State*, 899 S.W.2d 423, 434 (Tex. App.—Austin 1995) ("Egregious harm is not shown where the omission [of the Rule 201 instruction] in the charge concerns an incidental defensive theory or a defensive theory not raised by appellant."), *rev'd on other grounds*, 932 S.W.2d 511 (Tex. Crim. App. 1996).

We conclude appellant did not suffer egregious harm by the trial court's failure to include a Rule 201 instruction.  Appellant's third issue is overruled.

---

[8] *See also Washington v. State*, No. 14-10-00221-CR, 2011 WL 3276241, at *5 (Tex. App.—Houston [14th Dist.] Aug. 2, 2011, pet. ref'd) (mem. op., not designated for publication) (although the defendant was found in his vehicle in the yard of a private residence, the jury could infer that the defendant was "operating his vehicle on Gessner, a public street"; not mentioning any direct evidence that Gessner was a public street).

[9] *See also United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) (trial court failed to include instruction required by Federal Rule of Evidence 201 similar to Texas's rule, but the defendant was not prejudiced because the evidence of guilt was overwhelming).

## V.    CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.

/s/        Sharon McCally
           Justice

Panel consists of Justices Jamison, McCally, and Busby.

Publish — Tex. R. App. P. 47.2(b).