ACCEPTED
14-14-00397-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/13/2015 3:47:21 PM
CHRISTOPHER PRINE
CLERK

No. 14-14-00397-CR
No. 14-14-00398-CR

In the
**Court of Appeals**
For the
**Fourteenth District of Texas**
At Houston

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

5/13/2015 3:47:21 PM

CHRISTOPHER A. PRINE
Clerk

◆

**Nos. 1307885 & 1307886**
In the 178th District Court
Of Harris County, Texas

◆

# CEASAR LAKENDRICK RUSSI

*Appellant*

V.

# THE STATE OF TEXAS

*Appellee*

◆

STATE'S APPELLATE BRIEF

◆

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**JESSICA AKINS**
Assistant District Attorney
Harris County, Texas
State Bar Number: 24029415
akins_jessica@dao.hctx.net

**ANA MARTINEZ**
Assistant District Attorney
Harris County, Texas

H. C. Criminal Justice Center
1201 Franklin, Suite 600
Houston, Texas 77002
Telephone: 713.755.5826
Fax Number: 713.755.5809

ORAL ARGUMENT WAIVED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 9.4(g) and TEX. R. APP. P. 39.1, the State waives oral argument since it was not requested by appellant.

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

*Victims:*

**Zoila Quintanilla & Isaias Quintanilla**

*Counsel for the State:*

**Devon Anderson** — District Attorney of Harris County
**Jessica Akins** — Assistant District Attorney on appeal
**Ana Martinez** — Assistant District Attorney at trial
**David Abrams** — Assistant District Attorney at trial

*Appellant or criminal defendant:*

**Ceasar Lakendrick Russi**

*Counsel for Appellant:*

**Thomas A. Martin** — Counsel on appeal
**Major L. Adams** — Counsel at trial
**Rhonda McLeod Chargois** — Counsel at trial
**Connie B. Williams** — Counsel at motion for new trial

*Trial Judge:*

**Honorable David Mendoza** — Presiding Judge

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT...........................................................i

IDENTIFICATION OF THE PARTIES .........................................................................i

INDEX OF AUTHORITIES.......................................................................................iii

STATEMENT OF THE CASE.....................................................................................1

STATEMENT OF FACTS ...........................................................................................1

SUMMARY OF THE ARGUMENT............................................................................ 3

> Appellant has not shown that he received ineffective assistance of counsel, either at the trial or punishment phase of trial. He failed to preserve the issue of whether the trial court's response to a jury note was improper. Nonetheless, he has not shown the judge abused its discretion.

REPLY TO APPELLANT'S THIRD ISSUE ................................................................. 4

REPLY TO APPELLANT'S SECOND ISSUE .............................................................. 7

REPLY TO APPELLANT'S FIRST ISSUE ................................................................. 9

CONCLUSION .........................................................................................................12

CERTIFICATE OF SERVICE ..................................................................................13

CERTIFICATE OF COMPLIANCE ..........................................................................13

# INDEX OF AUTHORITIES

**CASES**

*Alexander v. State,*
  282 S.W.3d 701 (Tex. App.—
  Houston [14th Dist.] 2009, pet. ref'd) ...................................................................... 12

*Dannhaus v. State,*
  928 S.W.2d 81 (Tex. App.—
  Houston [14th Dist.]1996, pet. ref'd) ........................................................................ 6

*Ex parte McFarland,*
  163 S.W.3d 743 (Tex. Crim. App. 2005) .................................................................... 5

*Gordon v. State,*
  633 S.W.2d 872 (Tex. Crim. App. 1982) .................................................................... 9

*Hawkins v. State,*
  660 S.W.2d 65 (Tex. Crim. App. 1983) .................................................................... 11

*Holden v. State,*
  201 S.W.3d 761 (Tex. Crim. App. 2006) .................................................................... 9

*Kupchynsky v. Nardiello,*
  230 S.W.3d 685 (Tex. App.—
  Dallas 2007, pet. denied) ........................................................................................... 8

*Lewis v. State,*
  911 S.W.2d 1 (Tex. Crim. App. 1995) ........................................................................ 9

*Lyle v. State,*
  418 S.W.3d 901 (Tex. App.—
  Houston [14th Dist.] 2013, no pet.) ........................................................................... 8

*Marinos v. State,*
  186 S.W.3d. 167 (Tex. App.—
  Austin 2006, pet. ref'd) ............................................................................................. 11

*Pryor v. State,*
  719 S.W.2d 628 (Tex. App.—
  Dallas 1986, pet. ref'd) ............................................................................................... 6

*Quinn v. State,*
  958 S.W.2d 395 (Tex. Crim. App. 1997) .................................................................... 9

*Resendez v. State*,
  160 S.W.3d 181 (Tex. App.—
  Corpus Christi 2005, no pet.)......................................................................9

*San Saba Energy, L.P. v. Crawford*,
  171 S.W.3d 323 (Tex. App.—
  Houston [14th Dist.] 2005, no pet.) ...........................................................8

*Strickland v. Washington*,
  466 U.S. 668 (1984) .............................................................................4, 10

*Thompson v. State*,
  9 S.W.3d 808 (Tex. Crim. App. 1999) ......................................................4, 6

*Unkart v. State*,
  400 S.W.3d 94 (Tex. Crim. App. 2013) .......................................................8

*Valdes-Fuerte v. State*,
  892 S.W.2d 103 (Tex. App.—
  San Antonio 1994, no pet.) ........................................................................5

## STATUTES

TEX. CODE CRIM. PROC. ANN.
  art. 38.05 (West 2013) ...............................................................................8
TEX. PENAL CODE ANN.
  §3.03(a) (West 2013) ..................................................................................7

## RULES

TEX. R. APP. P. 33.1 ......................................................................................8
TEX. R. APP. P. 38.2(a)(1)(A)..........................................................................i
TEX. R. APP. P. 39.1 .......................................................................................i
TEX. R. APP. P. 9.4(g)......................................................................................i

TO THE HONORABLE COURT OF APPEALS:

## STATEMENT OF THE CASE

Appellant was charged by indictment with the felony offenses of aggravated robbery and aggravated assault. (CR I 72; CR II 63[1]). The jury found appellant guilty of both offenses as charged in the indictments. (CR I 158; CR II 145; RR VI 6). The jury sentenced appellant to 60 years confinement for the aggravated robbery and 20 years confinement for the aggravated assault, both to be served in the Institutional Division of the Texas Department of Criminal Justice. (CR I 173, 176; CR II 156, 159). They also assessed a $10,000 fine. (CR II 156; RR VI 58-61).

———————◆———————

## STATEMENT OF FACTS

In the early hours of May 25, 2011, Zoila Quintanilla was inside her car when appellant approached her, holding a pistol in his hand. (RR III 22-26). Appellant opened the door of the Suburban and told her to get out of the car; they struggled when she did not immediately get out of the car. (RR III 26-28, 103). Appellant forced Zoila out of the car, and she ran up to her house yelling for her husband or brother to assist her. (RR III 28-30, 48).

---

[1] CR I refers to the clerk's record in cause number 1307885 (aggravated robbery) and CR II refers to the clerk's record in cause number 1307886 (aggravated assault).

Zoila's brother, Isaias Quintanilla, her husband Pedro German and her son Sergio Zacarias, all came outside to assist Zoila after hearing her scream. (RR III 49-50, 71-73). When Pedro got to the Suburban, he could not find Zolia, but saw appellant attempting to drive off in the Suburban. (RR V 73-77). Pedro struggled with appellant inside the car, and appellant fell to the ground and then ran away. (RR V 75-77). The three men got into the car and followed appellant, believing appellant had stolen Zoila's purse. (RR III 52-54, 77).

Down the street, they found appellant hiding in some bushes and when appellant realized he had been found, he approached the car and starting shooting. (RR III 54-57; RR V 78-79). Isaias was on the passenger side of the car, with the window rolled down, and tried to push appellant away. (RR III 55-58). But he was unsuccessful; appellant shot Isaias in the head and fled the scene. (RR III 58-59, 81; RR V 79-82, 89). Isaias was transported to the hospital, severely injured. (RR V 90-95).

HPD Sergeant Harvey spoke to the victims and several witnesses to obtain a description of appellant and had them meet with a sketch artist. (RR III 165-172; RR V 90-91). Harvey and other officers canvassed the neighborhood near the scene of the crime to show the sketch; he received an anonymous tip regarding appellant's identity and his vehicle. (RR III 173-175, 200; RR V 9-10). Appellant's photograph was obtained and shown to the parties in this case. (RR III 176-199).

2

Both Zoila and Pedro positively identified appellant in a photo array; they were certain he was the assailant. (RR III 187-193, 196-199; RR V 83). Sergio made a tentative identification of appellant, indicating appellant's photograph was the closest to the man he saw shoot his uncle. (RR III 193-195). Two days after the shooting, Sergeant Harvey went to appellant's apartment, five blocks from the crime scene. (RR III 199-200). He obtained consent to search the apartment and found a Glock gun case with appellant's fingerprint on it. (RR III 204-206; RR V 42-45, 52-53, 62-63; State's Exhibit Number 120).

———————◆———————

## SUMMARY OF THE ARGUMENT

Appellant's three issues on appeal focus on the punishment phase of trial and the motion for new trial. The State has responded to appellant's issues out of order, but in a fashion that is chronological with the proceedings.

Appellant has not shown that he received ineffective assistance of counsel, either at the trial or punishment phase of trial. He failed to preserve the issue of whether the trial court's response to a jury note was improper. Nonetheless, he has not shown the judge abused its discretion.

———————◆———————

## REPLY TO APPELLANT'S THIRD ISSUE

In his third issue on appeal, appellant claims he received ineffective assistance because his trial counsel failed to cross-examine the State's witnesses during the punishment phase of trial.

The adequacy of an attorney's performance is reviewed under the standard articulated in *Strickland*. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). In order to prevail on a claim of ineffective assistance of counsel, a defendant must show: 1) defense counsel's performance was deficient; and 2) the deficient performance prejudiced the defense to such a degree that the defendant was deprived of a fair trial. *Id.*

The first prong of the *Strickland* standard requires the defendant to show that counsel's performance fell below an objective standard of reasonableness. *Thompson*, 9 S.W.3d at 812. With regard to the second prong, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id.* at 813.

In reviewing counsel's performance, this Court looks at the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that the attorney's performance falls within the wide range of

reasonable professional assistance or trial strategy. *Thompson*, 9 S.W.3d at 813. A claim of ineffective assistance must be firmly supported in the record. *Id.*

The State presented three witnesses during the punishment phase: Zoila Quintanilla, Sergio Zacarias and the wife of Isaias Quintanilla, Daisy Escobar. (RR VI 7-27). Zoila explained how the robbery affected her; she testified she continues to have nightmares and is in fear of being robbed again. (RR VI 8-13). Daisy testified about the hardships Isaias has endured. (RR VI 21-27). She testified his mental and physical life has diminished: he can no longer walk or speak and remains in pain from the shooting. (RR VI 10-11, 17, 21-27). Sergio testified about his mother and uncle's difficulties since the incident and how the family dynamics have changed. (RR VI 15-17). Appellant's trial counsel did not cross-examine these witnesses. (RR VI 13, 20, 27).

The decision of whether to cross-examine a witness is a matter of trial strategy. *Valdes-Fuerte v. State*, 892 S.W.2d 103, 111 (Tex. App.—San Antonio 1994, no pet.). Cross-examination is inherently risky, and a decision not to cross-examine a witness is often the result of wisdom acquired by experience in the combat of trial. *Ex parte McFarland*, 163 S.W.3d 743, 756 (Tex. Crim. App. 2005). It is frequently a sound trial strategy not to attack a sympathetic witness without very strong impeachment. *Dannhaus v. State*, 928 S.W.2d 81, 88 (Tex. App.—

Houston [14th Dist.]1996, pet. ref'd). Ineffective cross-examination could bolster the credibility of the witness and, therefore, backfire on counsel. *Id.*

The record in this case does not indicate why appellant's trial counsel did not cross-examine these witnesses. Although appellant points to an area of possible cross-examination, suggesting trial counsel should have inquired about medical records to support the family's claims, he ignores the fact that questioning very sympathetic witnesses holds a large amount of risk. Appellant has not overcome the strong presumption of counsel's competence and strategy. *Thompson*, 9 S.W.3d at 813.

Further, appellant has failed to demonstrate prejudice resulting from the lack of cross-examination. He has not shown what evidence would have come before the jury as a result of such inquiries, whether that evidence would have affected the credibility of those witnesses, or that the punishment result would have been different. *Thompson*, 9 S.W.3d at 812; *Pryor v. State*, 719 S.W.2d 628, 634 (Tex. App.—Dallas 1986, pet. ref'd) (recognizing the common practice among competent defense lawyers not to cross-examine victims, due to fear of jury's reaction).

Appellant's third issue should be overruled.

——————————◆——————————

## REPLY TO APPELLANT'S SECOND ISSUE

In his second issue on appeal, appellant claims the trial court erred by responding to a jury note during the punishment phase that constituted a comment on the weight of the evidence in violation of Article 38.05.

During punishment deliberations, the jury sent out two notes. (RR VI 52-53). The second jury note asked the trial judge to explain concurrent sentencing. (RR VI 53; CR I 161). The judge spoke to the prosecutor and defense counsel about formulating a response. (RR VI 54-56). He explained to them that he would provide the applicable law from Section 3.03 of the Texas Penal Code. TEX. PENAL CODE ANN. §3.03(a) (West 2013) (when the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced; the sentences shall run concurrently). The judge asked for input from the prosecutor and defense attorney, whether they had any objections or suggestions. (RR VI 54-57). Neither did and the trial court's response was presented to the jury. (RR VI 57; CR I 161).

Appellant claims the trial court's response violated Article 38.05: In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the

7

return of the verdict, make any remark calculated to convey to the jury his opinion of the case. TEX. CODE CRIM. PROC. ANN. art. 38.05 (West 2013).

The issue is not properly before this Court. First, this issue is inadequately briefed. Appellant acknowledges the trial court's response on the law regarding concurrent sentencing was legally correct, but seems to argue, without any authority or analysis, the response suggested to the jury that they should give a higher sentence. (Appellant's brief 13-14). This assertion is not supported by the law or record. *See Kupchynsky v. Nardiello*, 230 S.W.3d 685, 692 (Tex. App.—Dallas 2007, pet. denied) (issue inadequately briefed when party gave general cite to case stating elements of cause of action but provided no argument or analysis); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 337–38 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding issue inadequately briefed when parties failed to make any specific argument or engage in any analysis showing how the record and the law supports their contentions).

Second, defense counsel twice stated he had no objection to the trial court's response; thus, his complaint is not preserved for this Court's review. (RR VI 54-56). *See* TEX. R. APP. P. 33.1; *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013) (ordinarily, a complaint regarding an improper judicial comment must be preserved at trial); *Lyle v. State*, 418 S.W.3d 901, 904 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (defendant failed to preserve for appellate review his claim

that trial court improperly communicated its opinion concerning weight of the evidence); *Resendez v. State*, 160 S.W.3d 181, 189-190 (Tex. App.—Corpus Christi 2005, no pet.) (same).

Appellant's second issue should be overruled.[2]

———————◆———————

## REPLY TO APPELLANT'S FIRST ISSUE

In his first issue on appeal, appellant claims the trial court erred by denying his motion for new trial based upon his trial counsel's failure to call alibi witnesses at trial.

This Court reviews the denial of a motion for new trial for an abuse of discretion. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). The evidence should be reviewed in the light most favorable to the trial court's ruling. *Quinn v. State*, 958 S.W.2d 395, 402 (Tex. Crim. App. 1997). Only when no reasonable view of the record could support the trial court's ruling should this Court conclude the trial court abused its discretion by denying the motion for new trial. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).

---

[2] Even assuming appellant properly objected to the trial court's response, the Court of Criminal Appeals has held the fact that sentences for two offenses were to run concurrently was appropriate for jury consideration during punishment phase, in response to a jury note on concurrent sentencing where the defendant objected to the court's response. *See Gordon v. State*, 633 S.W.2d 872, 878-8879 (Tex. Crim. App. 1982).

Appellant filed a motion for new trial alleging ineffective assistance for his trial counsel's failure to present testimony from alibi witnesses. (CR I 186-189). Appellant filed several affidavits in support of his motion; the State responded and provided an affidavit from appellant's trial counsel. (CR I 193-195, 197-202). After a hearing on the affidavits, the trial court denied appellant's motion. (RR VIII 19; CR I 190).

As previously discussed, the adequacy of an attorney's performance is reviewed under the standard articulated in *Strickland*; to prevail on a claim, a defendant must show his counsel's performance was deficient to such a degree that the defendant was deprived of a fair trial. *See Strickland*, 466 U.S. at 686.

Appellant asserts his trial counsel's failure to present alibi witnesses at trial was deficient performance. In support of his motion for new trial, he presented four affidavits from the following people: Lisa Jones (appellant's mother), Porshea Polk (girlfriend of appellant's brother), LeSadia Harden (appellant's girlfriend) and Carlesha Rossi (appellant's sister). (CR I 203-207). Appellant contends all four of these affidavits support his alibi claim, but that is not true. The affidavit of Lisa Jones pertains to an identify issue and the affidavit of Porshea Polk pertains to the search of the apartment. (CR I 203-204, 205). Neither of these issues is contested on appeal.

Both LeSadie Harden and Carlesha Rosso stated in their affidavits that they were physically with appellant at the time of the robbery and assault, so he could not have committed the offenses. (CR I 206, 207). The details in these affidavits are sparse. The women simply relayed they were with appellant the night before and morning of the robbery, but there is no reference to a specific date, time or place. (CR I 206, 207).

Appellant's trial counsel presented an affidavit and explained he was aware of the testimony that LeSadie Harden and Carlesha Rosso could offer. (CR I 197-198). He stated his decision not to call them as witnesses was strategic. First, their recollection of the event in question was inconsistent. (CR I 197-198). Second, after polling the jury from the first trial, he learned they did not find the alibi evidence credible, and considered it a weak link in his case. (CR I 197). This decision falls within the wide range of reasonable professional assistance and trial strategy. *See Thompson*, 9 S.W.3d at 813; *Marinos v. State*, 186 S.W.3d. 167, 181 (Tex. App.—Austin 2006, pet. ref'd) (recognizing valid trial strategy of not calling defendant's family members as witnesses where there was concern for a backlash from the jury). And the fact that appellate counsel may have pursued a different strategy does not necessarily indicate ineffective assistance by appellant's trial counsel. *See Hawkins v. State*, 660 S.W.2d 65, 75 (Tex. Crim. App. 1983).

Viewing the evidence in the light most favorable to the ruling, the trial court's finding that appellant's trial counsel was not deficient was not an abuse of discretion. *See Alexander v. State*, 282 S.W.3d 701, 709 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). The motion for new trial was properly denied.

Appellant's first issue should be overruled.

———————◆———————

## CONCLUSION

It is respectfully submitted that all things are regular and that the convictions should be affirmed.

DEVON ANDERSON
District Attorney
Harris County, Texas


/s/ *Jessica Akins*

JESSICA AKINS
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
akins_jessica@dao.hctx.net
State Bar Number: 24029415

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been sent to

appellant's attorney at the following email address on May 13, 2015:

Thomas A. Martin
Attorney at Law
1018 Preston, Suite 500
Houston, Texas 77002
tmartin@justice.com

/s/ *Jessica Akins*

JESSICA AKINS
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
akins_jessica@dao.hctx.net
State Bar Number: 24029415

## CERTIFICATE OF COMPLIANCE

This is to certify that this computer-generated document has a word count of 3282 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ *Jessica Akins*

JESSICA AKINS
Assistant District Attorney
Harris County, Texas