**Affirmed and Opinion filed July 30, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00402-CR

**GREG SALDINGER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 15
Harris County, Texas
Trial Court Cause No. 1900496**

## O P I N I O N

In three issues, appellant challenges his driving while intoxicated conviction on the basis that the trial court erred in denying his challenges of venire members for cause, limiting his time for voir dire, and admitting into evidence the search warrant authorizing his blood draw for a determination of blood alcohol content and officer's supporting affidavit. We affirm.

### *Background*

A jury found appellant guilty of driving while intoxicated. The trial court

assessed punishment at one year of confinement in county jail, suspended the sentence, and placed appellant on community supervision for two years.

During voir dire, the trial court instructed appellant's attorney to "close" because he was out of time. At that point, the following exchange occurred:

> [Counsel:] This is the final question, and I'll go through as quickly as I can. . . . All things being equal, who would you be more likely to believe if they testified, a police officer or a citizen accused?
>
> [Juror No. 1:] Depends on what they have to say.
>
> [Counsel:] Right, depending on what they had to say. Without knowing would you be more predisposed to believe a police officer or a person accused?
>
> THE COURT: Counsel, the State went over [its time limit] without their poll [of individual venire members], so your poll is ending, and just close it. You're past your time, well past your time. I stopped the State, I'll be stopping you. . . .
>
> [Counsel:] All right. So, we'll have to do it this way. How many people would be, without even knowing the background of the police officer, not knowing anything about him, before he even testifies, would be more likely to believe what a police officer says than what a citizen says?

Thirteen venire members raised their hands in response to the question. The trial court denied appellant's challenges to those prospective jurors for cause.

Blood samples were taken from appellant pursuant to a search warrant to ascertain his blood alcohol content. During trial, the trial court admitted into evidence the warrant and officer's supporting affidavit over appellant's hearsay objection.[1]

---

[1] The warrant and affidavit were admitted as one exhibit.

*Discussion*

Appellant asserts that the trial court abused its discretion by (1) "refusing to strike venire members who indicated they held a bias in favor of the police"; (2) "preventing and limiting" appellant's counsel from examining venire members regarding their potential for bias toward officer testimony and from discussing reasonable doubt; and (3) admitting into evidence the search warrant authorizing appellant's blood draw and officer's supporting affidavit.

## I.      Refusal to Excuse Jurors for Cause within Trial Court's Discretion

In his first issue, appellant argues the trial court abused its discretion in denying his challenges for cause to the thirteen venire members who raised their hands in response to his counsel's question: "How many people[,] without . . . knowing the background of the police officer . . . before he even testifies, would be more likely to believe what a police officer says than what a citizen says?"[2]

A defendant may challenge a prospective juror for cause who is biased or prejudiced against the defendant or the law applicable to the case. *Comeaux v. State*, 445 S.W.3d 745, 749 (Tex. Crim. App. 2014). A trial judge must excuse the prospective juror if bias or prejudice would impair his or her ability to carry out the oath and instructions in accordance with the law. *Id*. Before the judge excuses the prospective juror, the law must be explained to him or her, and the challenger must show that the prospective juror understood the law and still could not overcome his or her prejudice. *Id*.  We may reverse a trial court's ruling on a challenge for cause only for a clear abuse of discretion because the trial judge is in the best position to evaluate a venire member's demeanor and responses. *Davis v. State*, 329 S.W.3d

---

[2] Appellant asserts that fourteen jurors raised their hands, but appellant counted one juror twice.

3

798, 807 (Tex. Crim. App. 2010); *Gardner v. State*, 306 S.W.3d 274, 296 (Tex. Crim. App. 2009). We give particular deference to the trial court's decision when a venire member's answers are ambiguous, vacillating, unclear, or contradictory. *See Gardner*, 306 S.W.3d at 296.

The Court of Criminal Appeals has long required trial counsel to ask specific questions to uncover bias during voir dire. *White v. State*, 181 S.W.3d 514, 519 (Tex. App.—Texarkana 2005), *aff'd*, 225 S.W.3d 571 (Tex. Crim. App. 2007) (citing *Gonzales v. State*, 3 S.W.3d 915, 917 (Tex. Crim. App. 1999)); *see also Tate v. State*, 414 S.W.3d 260, 264 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (noting, in juror misconduct case, "[c]ounsel must ask specific questions, not rely on broad ones, to [determine whether a juror withheld material information during voir dire] and must ask follow-up questions after a potential bias is discovered"). Moreover, the Court of Criminal Appeals repeatedly has addressed challenges for cause against prospective jurors who state a belief that police officers tend to be more credible witnesses than others. *See, e.g., Feldman v. State*, 71 S.W.3d 738, 747 (Tex. Crim. App. 2002); *Ladd v. State*, 3 S.W.3d 547, 560 (Tex. Crim. App. 1999); *Jones v. State*, 982 S.W.2d 386, 389 (Tex. Crim. App. 1998); *Smith v. State*, 907 S.W.2d 522, 530–31 (Tex. Crim. App. 1995). Complete impartiality is not required because it is human nature to give certain types of witness a slight edge over others. *See Jones*, 982 S.W.2d at 389. Jurors are not expected to set aside their natural skepticism during trial. *See id.; see also Simpson v. State*, No. 01-12-00380-CR, 2014 WL 2767126, at *4 (Tex. App.—Houston [1st Dist.] June 17, 2014, pet. ref'd) (mem. op.).

Here, appellant's counsel asked a broad question in the abstract, regarding whether the venire members would be more likely to believe a police officer over someone else, without any qualifying information. Prospective jurors responded to

this question by raising their hands. Given that complete impartiality is not required, this response to counsel's general question about bias toward police officer testimony alone did not establish bias as a matter of law. *E.g., Feldman*, 71 S.W.3d at 747 ("That [the venire member] was simply more or less skeptical of a certain category of witness did not make him subject to a challenge for cause."); *Ladd*, 3 S.W.3d at 560 ("Thus, [the venire member] was not challengeable for cause because he would tend to believe policemen . . . slightly more than others."). Accordingly, the trial court did not clearly abuse its discretion in refusing to strike these prospective jurors for cause.[3]

We overrule appellant's first issue.

## II.    Complaints Regarding Voir Dire Time Limit Not Preserved

In his second issue, appellant complains that the trial court, in declining to extend appellant's allotted time for voir dire, prevented his counsel from "sufficiently address[ing] the venire panel regarding witness credibility and police bias" and "address[ing] proof beyond a reasonable doubt."[4] Appellant asserts that in refusing to allow his counsel more time to address these topics, the trial court violated his Sixth Amendment right to counsel under the United States Constitution and right to be heard under the Texas Constitution. *See* U.S. Const.

---

[3] A defendant must establish harm for the erroneous denial of a challenge for cause by showing on the record that he (1) asserted a clear and specific challenge for cause which was denied; (2) used a peremptory challenge on the complained-of venire member; (3) exhausted his peremptory challenges; (4) requested additional strikes and his request was denied; and (5) identified an objectionable juror who sat on the jury that would have been struck otherwise. *Comeaux*, 445 S.W.3d at 749; *Davis*, 329 S.W.3d at 807. By complying with these steps, the defendant shows that he actually needed the peremptory strike that he was forced to use on a biased juror. *Comeaux*, 445 S.W.3d at 750. Because we find no error, we need not reach the harm analysis. *See id*. (noting defendant must establish harm "[w]hen the trial judge denies a valid challenge for cause").

[4] At trial, appellant asked also to discuss sentencing with the venire. That topic is not argued on appeal.

amend. VI; Tex. Const. art. I, § 10.

The trial court has broad discretion over jury selection. *Woods v. State*, 152 S.W.3d 105, 108 (Tex. Crim. App. 2004). Without the trial court's ability to impose reasonable limits, voir dire could go on indefinitely. *Id*. Absent an abuse of discretion, we will not reverse the trial court's refusal to allow defense counsel additional time on voir dire. *Dhillon v. State*, 138 S.W.3d 583, 587 (Tex. App.— Houston [14th Dist.] 2004, pet. struck). A trial court abuses its discretion only when it prohibits a proper question about a proper area of inquiry. *Woods*, 152 S.W.3d at 108. A question is proper if it seeks to discover a prospective juror's views on an issue applicable to the case. *Id*. To preserve error regarding the manner of voir dire, the record must reflect a proper question that the trial court has not allowed venire members to answer. *Dhillon*, 138 S.W.3d at 589. That the trial court generally disapproved of an area of inquiry from which proper questions could have been formulated is not enough because the trial court might have allowed the proper question had it been submitted for the court's consideration. *Sells v. State*, 121 S.W.3d 748, 756 (Tex. Crim. App. 2003).

During voir dire, the trial court instructed appellant's counsel to "close," because he had run out of time: "Counsel . . . your poll is ending, and just close it. You're past your time, well past your time. I stopped the State, I'll be stopping you."[5] Appellant's counsel then asked the panel the above-referenced question, regarding whether any venire members "would be more likely to believe what a police officer says than what a citizen says."[6] Appellant's counsel did not submit

---

[5] The trial court had informed the State at the beginning of its voir dire that it had 20 to 25 minutes. Also, during appellant's voir dire, the trial court gave appellant's counsel a five minute warning and told him to "use [his] time wisely."

[6] A question that is so vague or broad to constitute a global fishing expedition is not proper and fails to preserve error because it is impossible for a reviewing court to determine if the question is relevant and properly phrased. *Dhillon*, 138 S.W.3d at 589. As addressed above,

any other questions regarding this topic to the trial court for consideration that the trial court prevented him from asking. Accordingly, appellant did not preserve error as to his complaint that the trial court prevented him from addressing witness credibility and police bias. *See id*.

After the trial court informed appellant's counsel that his time for voir dire had elapsed, he objected on the basis that he had not "covered" the standard of proof beyond a reasonable doubt, but he did not submit any questions on this issue to the trial court for consideration. He stated only that he wanted to compare reasonable doubt to other standards of proof.[7] That proposal presented only a general topic for discussion.[8] Counsel did not submit narrowly tailored questions, and the proposed topic could have encompassed proper and improper inquiries. *See Dhillon*, 138 S.W.3d at 589; *see also Godine v. State*, 874 S.W.2d 197, 200-01 (Tex. App.—Houston [14th Dist.] 1994, no pet.) (stating a trial court should not have to "anticipate the form in which a specific question emanating from a topic will be asked"). Thus, appellant did not preserve error as to his complaint that the trial court prevented him from addressing the standard of proof beyond a reasonable doubt.[9] *See Dhillon*, 138 S.W.3d at 589; *Godine*, 874 S.W.2d at 200.

We overrule appellant's second issue.

this question was broad and abstract.

[7] Appellant's counsel stated:

I wanted to compare reasonable doubt to other standards of proof . . . [p]reponderance of the evidence, clear and convincing evidence, scintilla of evidence that I needed to go over with the jury because I don't think reasonable doubt has been covered that way with this venire panel.

[8] The trial court responded: "First, I covered both of those topics thoroughly [in the court's initial voir dire. Second, t]he jury commented on both of those topics. Third, I gave both sides equal time, both sides equal lead. The topics have been covered, your objection is overruled."

[9] We thus do not address whether the trial court abused its discretion in declining to extend appellant's allotted time for voir dire.

### III. No Harm in Admitting Search Warrant and Affidavit

In his third issue, appellant complains that the trial court abused its discretion in admitting into evidence over appellant's hearsay objection the search warrant authorizing his blood draw and the officer's supporting affidavit. The State concedes that search warrants and supporting affidavits generally are inadmissible hearsay but asserts that they were admissible in this case because appellant raised the issue of probable cause in the presence of the jury. We conclude that the trial court abused its discretion in admitting the evidence but the error was harmless.

We review a hearsay challenge to the trial court's admission of evidence for an abuse of discretion. *Lyle v. State*, 418 S.W.3d 901, 903 (Tex. App.—Houston [14th Dist.] 2013, no pet.). We must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Id*.

The recitals contained in a search warrant and supporting affidavit generally are inadmissible hearsay. *Foster v. State*, 779 S.W.2d 845, 857–58 (Tex. Crim. App. 1989); *Ortiz v. State*, 999 S.W.2d 600, 607 (Tex. App.—Houston [14th Dist.] 1999, no pet.). An exception applies when a defendant makes probable cause an issue before the jury. *Baxter v. State*, 66 S.W.3d 494, 498 n.2 (Tex. App.—Austin 2001, pet. ref'd). The existence of probable cause is generally a question of law not presented to the jury. *Madden v. State*, 242 S.W.3d 504, 511 (Tex. Crim. App. 2007); *Grubbs v. State*, 440 S.W.3d 130, 138 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). The trial judge decides the necessary quality and quantum of proof necessary to establish probable cause under the circumstances of a given case. *See Madden*, 242 S.W.3d at 511 (applying principle to determination of reasonable suspicion). However, if the facts necessary to establish probable cause are disputed, the jury may be required to decide whether the officer's belief in

8

those facts was reasonable. *See id.*; *see also Grubbs*, 440 S.W.3d at 138 (holding defendant was not entitled to jury instruction on probable cause because "there was no conflict in the evidence that raised a disputed fact issue material to the legal question of probable cause").

The State argues appellant made probable cause an issue because appellant argued to the jury that police officers mistakenly believed he was intoxicated. We disagree. Appellant did not challenge the facts upon which the officers claim to have relied in deciding to arrest him. Appellant's assertion that officers mistook his demeanor for intoxication, standing alone, does not implicate probable cause; it implicates the merits of the offense, in other words, whether appellant actually was intoxicated, regardless of the officers' beliefs. Accordingly, the trial court abused its discretion in admitting the search warrant and supporting affidavit into evidence. *See Warr v. State*, 418 S.W.3d 617, 619 & n.1 (Tex. App.—Texarkana 2009, no pet.) (acknowledging, unless a defendant disputes the existence of a warrant or makes probable cause an issue before the jury, "it is error for the trial court to admit the affidavit and the search warrant over an objection that they contain hearsay"); *see also Gonzales v. State*, No. 14-00-00702-CR, 2002 WL 122867, at *1 (Tex. App.—Houston [14th Dist.] Jan. 31, 2002, pet. ref'd) (mem. op.) (holding, when probable cause was not contested, trial court erroneously admitted hearsay statements in arrest warrant and affidavit over defendant's objection).

We now consider whether the trial court's error warrants reversal. We may not reverse a conviction due to erroneous admission of hearsay testimony unless we determine that it affected appellant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008). An error affects a substantial right when it has a substantial and injurious effect or influence

in determining the jury's verdict. *Taylor*, 268 S.W.3d at 592. Non-constitutional error (such as the erroneous admission of hearsay testimony) is harmless if we have fair assurance that the error had no influence or only a slight influence on the jury. *Id*.

The improper admission of evidence is harmless if the same evidence is presented at trial without objection, either before or after the complained-of ruling. *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *Amador v. State*, 376 S.W.3d 339, 345 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). We therefore examine the warrant and affidavit to identify information that was admitted without objection—or properly admitted—through other evidence. *See Gonzales*, 2002 WL 122867, at *2.

Officer Quezada, who testified at trial, executed the affidavit in support of the search warrant.[10] The affidavit sets forth information regarding (1) Quezeda's training, background, and qualifications; (2) facts involving the traffic stop of appellant that Quezeda learned from two other officers who participated in appellant's arrest; (3) Quezeda's personal observations of appellant at the "central intox" station, including appellant's performance on field sobriety tests conducted in the "intox room"; (4) appellant's refusal to provide a blood sample; and (5) Quezeda's identification of appellant by his driver's license. This information was presented at trial without objection through the live testimony of the three officers involved in appellant's arrest.[11]

---

[10] The warrant does not contain any facts. It authorizes officers to search appellant and obtain his blood samples. We note that although appellant's counsel objected to the trial court's admission of the warrant and affidavit into evidence, he did not object to Quezeda's testimony about obtaining the warrant. State's counsel asked, "[T]o have a search warrant issued, what do you need to do?" Quezeda replied, "Make sure we have probable cause for the stop, signs of intoxication, and a judge has to sign it."

[11] The officers also identified appellant at trial.

Quezeda also opined in the affidavit that the method used by the State to test blood samples is "reliable." Appellant contends that Quezeda's opinion "appears nowhere else in the record, and is highly prejudicial." Although Quezeda did not testify at trial regarding the reliability of the State's blood sample testing, the State's toxicology expert testified without objection that the blood sample test results obtained in this case were "accurate and valid." Quezeda's opinion was consistent with the toxicology expert's opinion. We conclude that Quezada's opinion on the reliability of blood sample testing could have influenced the jury only slightly, if at all, because it was consistent with other evidence presented at trial without objection. *See Amador*, 376 S.W.3d at 345 (holding similar statements made by another witness amounted to evidence that had little or no influence on jury).

We conclude the improper admission of the arrest warrant and the affidavit did not have a substantial and injurious effect or influence in determining the jury's verdict because the information in the search warrant and affidavit was otherwise presented at trial without objection. *See id*. Therefore, the trial court's error in admitting the warrant and affidavit was harmless.

We overrule appellant's third issue.

We affirm the judgment of the trial court.


/s/    Martha Hill Jamison
        Justice



Panel consists of Justices Jamison, Busby, and Brown.
Publish — TEX. R. APP. P. 47.2(b).